1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                          EASTERN DISTRICT OF CALIFORNIA

10

11    JARED M. VILLERY,                          Case No. 1:18-cv-01623-NONE-SKO (PC)

12                       Plaintiff,              **ORDER GRANTING IN PART AND**
                                                 **DENYING IN PART PLAINTIFF'S**
13           v.                                  **MOTION TO DETERMINE THE**
                                                 **SUFFICIENCY OF DEFENDANT'S**
14    D. CROUNSE, et al.,                        **ANSWERS AND OBJECTIONS TO**
                                                 **REQUESTS FOR ADMISSION**
15                       Defendants.
                                                 (Doc. 55)
16

17          Before the Court is Plaintiff Jared Villery's motion to determine the sufficiency of

18   Defendant Guerrero's answers and objections to his First Set of Requests for Admission. (Doc.

19   55.) For the reasons set forth below, the Court grants in part and denies in part the motion.

20   **I.      BACKGROUND**

21          This case proceeds on Plaintiff's claims of retaliation in violation of the First Amendment,

22   and of conspiracy to commit retaliation in violation of the First Amendment, pursuant to 42

23   U.S.C. § 1983. (Doc. 56.) At the times relevant to this action, Plaintiff was incarcerated at

24   California Correctional Institution ("CCI") in Tehachapi, California. (Doc. 49 at 3.) In his

25   operative, first amended complaint, Plaintiff alleges that Defendants Crounse and Groves placed

26   him in administrative segregation ("ad seg"), and that Defendants Crounse, Garcia, Guerrero, and

27   Haak caused him to remain in ad seg and transferred him to a different prison, because he filed

28   administrative grievances against prison staff. (*Id.* at 14.)

1  In the present motion, Plaintiff contends that Defendant Guerrero failed to adequately

2  answer seven of his requests for admission. (Doc. 55 at 7.) He moves the Court to deem the

3  matters admitted or, in the alternative, to order Defendant Guerrero to amend her responses to the

4  disputed requests. (*Id.* at 21.)

5  **II.      LEGAL STANDARDS**

6  Rule 36(a) of the Federal Rules of Civil Procedure provides that "[a] party may serve on

7  any other party a written request to admit . . . the truth of any matters within the scope of Rule

8  26(b)(1) relating to . . . facts, the application of law to fact, or opinions about either." Fed. R. Civ.

9  P. 36(a)(1)(A). Regarding the scope of discovery, Rule 26(b)(1) provides that "[p]arties may

10  obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or

11  defense and proportional to the needs of the case."

12  If the party to whom a request for admission is directed does not admit a matter, the

13  party's "answer must specifically deny [the matter] or state in detail why [he] cannot truthfully

14  admit or deny it. . . . The answering party may assert lack of knowledge or information as a

15  reason for failing to admit or deny only if the party states that it has made reasonable inquiry and

16  that the information it knows or can readily obtain is insufficient to enable it to admit or deny."

17  Fed. R. Civ. P. 36(a)(4).

18  The answering party, however, may not "avoid admitting or denying a proper request for

19  admission simply by tracking the language of Rule 36(a)." *Asea, Inc. v. S. Pac. Transp. Co.*, 669

20  F.2d 1242, 1246 (9th Cir. 1981) In other words, "a response which fails to admit or deny a proper

21  request for admission does not comply with the requirements of Rule 36(a) if the answering party

22  has not, in fact, made 'reasonable inquiry,' or if information 'readily obtainable' is sufficient to

23  enable him to admit or deny the matter." *Id.* at 1247.

24  If a party objects to a request for admission, he must state the grounds of the objection.

25  Fed. R. Civ. P. 36(a)(5). Boilerplate objections, however, are insufficient. *Villery v. Jones*, No.

26  1:15-cv-01360-DAD-HBK, 2021 WL 2227363, at *3 (E.D. Cal. 2021) (citations omitted).

27  "A party requesting an admission may, if he feels the[ ] requirements [of Rule 36(a)] have

28  not been met, move to determine the sufficiency of the answer, to compel a proper response, or to

have the matter ordered admitted." *Asea*, 669 F.2d at 1247; *see also* Fed. R. Civ. P. 36(a)(6). Ordinarily, a "district court should . . . first order an amended answer, and deem the matter admitted only if a sufficient answer is not timely filed." *Asea*, 669 F.2d at 1247. However, "this determination . . . is left to the sound discretion of the district judge." *Id.*

## III. DISCUSSION

Plaintiff contends that Defendant Guerrero provided insufficient responses to seven requests in his First Set of Requests for Admission. (Doc. 55 at 7.) The disputed requests and responses are provided below, along with the Court's analyses and rulings.

### A. Request Number 14

**Request**: Admit that all of the cells used for inmate housing on Facility C at CCI had fully functioning electrical outlets for inmate use in 2014 and 2015.

**Response**: Defendant objects to this request on the grounds that it is vague as to time, is overly broad, is impermissibly compound, is vague as to "fully functioning," and calls for speculation. Without waiving these objections, and after a reasonable search and a diligent inquiry, Defendant lacks sufficient knowledge or information to admit or deny this request.

(Doc. 55 at 13)

Defendant's objections on the grounds that this request is vague, overly broad, and compound are overruled. The request is specific as to time—the years 2014 and 2015—and the term "fully functioning" plainly means "operational . . . or capable of use," as Plaintiff contends, (Doc. 55 at 14). The Court is at a loss as to how this request is compound.

The Court, however, finds that Defendant's statement that she "lacks sufficient knowledge or information to admit or deny this request" is proper. As Defendant argues, a correctional officer would not "know whether 'all of the cells' within a facility had fully functioning electrical outlets during the course of two years," (Doc. 60 at 4), and Plaintiff points to no documentation that Defendant could have reasonably reviewed in order to learn such information. Thus, the Court agrees that admitting or denying this request would call for speculation.

///

3

**B. Request Numbers 15 and 17**

**Request No. 15**:  Admit that Plaintiff's medical chrono referenced in the CDCR 128-G that you prepared for his January 7, 2015 ICC, which required that he have electrical access, first took effect on December 4, 2014.

**Request No. 17**:  Admit that, as documented on Plaintiff's medical chrono that you referenced in the CDCR 128-G that you prepared for his January 7, 2015 ICC, the requirement that he receive electrical access was based on him being prescribed a "BIPAP Machine."

**Response**:  Defendant objects to this request on the grounds that it assumes facts which have not been admitted, is impermissibly compound, and calls for speculation. Without waiving these objections, and after a reasonable search and diligent inquiry, Defendant lacks sufficient knowledge of information to admit or deny this request.[1]

(Doc. 55 at 14)

Defendant's objections are overruled. It is unclear what facts Defendant claims have not been admitted, which provides sufficient grounds to overrule this objection. But assuming Defendant disputes that she prepared the referenced CDCR 128-G form, Plaintiff counters by stating that Defendant admitted she prepared the form in response to his First Set of Interrogatories. (Doc. 55 at 15.) Defendant does not contest this fact in her opposition to Plaintiff's motion.

The requests are also not compound. The first part of each request is simply describing the medical chrono to which Plaintiff is referring. The second part of each request contains only one matter to be admitted or denied. These matters can be boiled down to the following: Did the referenced medical chrono take effect on December 4, 2014? And was that chrono's requirement that Plaintiff have electrical access based on his being prescribed a "BIPAP Machine"?

In her opposition to Plaintiff's motion, Defendant contends that "[i]t is unreasonable to expect that an officer can recall from memory the circumstances surrounding a particular document . . . generated over six years ago." (Doc. 60 at 4.) On this point, the Court agrees;

---

[1] Defendant's responses to Request Numbers 15 and 17 are identical. (Doc. 55 at 14.)

4

however, a party need not admit or deny a matter based on memory alone—the party can also rely on "information 'readily obtainable.'" *Asea, Inc.*, 669 F.2d at 1247.

Plaintiff contends that Defendant possesses all the information she requires to respond to his requests, including the referenced medical chrono. (Doc. 55 at 16.) Defendant does not dispute that she knows which chrono Plaintiff is referencing or that she possesses said chrono. (*See* Doc. 60 at 4.) Defendant instead contends the information Plaintiff seeks "is not self-evident from the . . . documentation." (*Id.* at 5.)

The Court is unsure why Defendant believes the information is not self-evident. First, without having been provided a reason to the contrary, the Court assumes the chrono "took effect" on the date on which it was signed, which is December 4, 2014,[2] (Doc. 55 at 33). Second, the chrono clearly states, "BIPAP MACHINE WITH ELECTRICAL ACCESS." (*Id.*) Thus, it is self-evident that the requirement of "electrical access" is *due to* the "BIPAP Machine."

Defendant, therefore, does not provide adequate reason for why she is unable to admit or deny these matters based on the referenced chrono, which she assumedly has access to and knows how to interpret based on her experience as a correctional officer. For these reasons, the Court will require Defendant to amend her answers to Request Numbers 15 and 17.

**C. Request Numbers 18 and 19**

**Request No. 18**:  Admit that during Plaintiff's confinement at CCI, from January 15, 2014 until January 9, 2015, he never possessed a BIPAP machine.

**Response**:  Defendant objects to this request on the grounds that it assumes facts which have not been admitted, is impermissibly compound, is irrelevant to the claims or defenses of any party, and calls for speculation. Without waiving these objections, and after a reasonable search and diligent inquiry, Defendant lacks sufficient information to admit or deny this request.

**Request No**. **19**:  Admit that the first time Plaintiff was ever issued a BIPAP machine since entering CDCR custody was on February 27, 2015.

---

[2] Defendant states the chrono is dated December 9, 2014. (Doc. 60 at 4). However, upon review, the Court finds that the chrono is plainly dated December 4, 2014. (Doc. 55 at 33.)

1  **Response**: Defendant objects to this request on the grounds that it assumes facts which

2  have not been admitted, is irrelevant to the claims or defenses of any party, and calls for

3  speculation. Without waiving these objections, and after a reasonable search and diligent

4  inquiry, Defendant lacks sufficient information to admit or deny this request.

5  (Doc. 55 at 17, 18)

6  Without addressing each of Defendant's objections, the Court agrees that Defendant's

7  contention that she "lacks sufficient information to admit or deny" these matters is proper.

8  Plaintiff cites documents in his prison files that suggest that the first time he received a BIPAP

9  machine was after January 2, 2015. (*See* Doc. 55 at 17-18.) However, as Defendant points out,

10  "Plaintiff d[oes] not seek an admission concerning possessions documented in his . . . file[s], but

11  rather, more expansively . . . admission[s] concerning possession generally—documented or not,

12  momentary or permanent." (Doc. 60 at 5.) The Court agrees that given the "broad framing" of

13  these requests, (*id.*), Defendant is unable to admit or deny these matters without resorting to

14  speculation, even if she reviews the documents to which she has access.

15  **D. Request Numbers 20 and 21**

16  **Request No. 20**:  Admit that from January 8, 2014, until at least June 1, 2015, inmate

17  Mamdouh Ibrahim, CDCR# H-28999, was housed on Facility C at CCI.

18  **Request No. 21**:  Admit that from January 8, 2014, until June 1, 2015, inmate Mamdouh

19  Ibrahim, CDCR# H-28999, had a medical restriction requiring that he have electrical

20  access in his living quarters.

21  **Response**:  Defendant objects to this request on the grounds that it assumes facts which

22  have not been admitted, is irrelevant to the claims or defenses of any party, and calls for

23  speculation. Without waiving these objections, and after a reasonable search and diligent

24  inquiry, Defendant lacks sufficient information to admit or deny this request.[3]

25  (Doc. 55 at 18)

26  Defendant's objections are overruled. The Court is again unsure which facts Defendant

27  contends have not been admitted and this objection appears to be boilerplate.

28

---

[3] Defendant's responses to Request Numbers 20 and 21 are identical. (Doc. 55 at 18.)

1    The requests are also relevant to Plaintiff's retaliation claims. In his complaint, Plaintiff

2    alleges that prison officials moved him from Facility C and placed him in ad seg because,

3    according to the officials, he had "safety concerns" and "required . . . continuous electrical access

4    in his housing [ ]to accommodate a BiPap machine" (Doc 49 at 13.) Plaintiff alleges that these

5    given reasons were pretextual, and that the officials actually moved him in retaliation for his

6    filing administrative grievances against CDCR staff. (*Id.* at 13-14.) Thus, Plaintiff's apparent

7    contention that another inmate had a similar housing restriction as he did, but was able to remain

8    in Facility C, bolsters his allegation that officials moved him not because of such restriction but

9    because he filed grievances against CDCR staff.

10        Lastly, the information Plaintiff seeks does not call for speculation—it can presumably be

11   readily obtained from files to which Defendant has access as an employee of CDCR. Defendant

12   does not dispute that she has such access. (*See* Doc. 60 at 6.) Thus, Defendant's answers that she

13   "lacks sufficient information to admit or deny" these requests are improper.

14       In her opposition, Defendant nevertheless contends that reviewing Inmate Ibrahim's files

15   would be unreasonable because it would "unduly invade[s] his privacy," given that he is not a

16   party to this case, and it "would implicate the Health Insurance Portability and Accountability Act

17   of 1996." (Doc. 60 at 6.) As an initial matter, this justification for failing to admit or deny the

18   matters is different from that which Defendant provides in her answers to the requests.  In

19   addition, Defendant does not address Plaintiff's contention that the sought information is

20   obtainable from inmates' central files, which do not contain confidential medical records, (Doc.

21   55 at 21.) For these reasons, the Court will require Defendant to amend her answers to Request

22   Numbers 20 and 21.

23   **IV.     CONCLUSION AND ORDER**

24       For the reasons set forth above, the Court finds that Defendant Guerrero's answers to

25   Request Numbers 14, 18, and 19 of Plaintiff's First Set of Requests for Admission are sufficient,

26   but that her answers to Request Numbers 15, 17, 20, and 21 are insufficient.

27   ///

28   ///

7

Based on the foregoing, the Court ORDERS:

1. Plaintiff's motion to determine the sufficiency of Defendant Guerrero's answers and objections to his First Set of Requests for Admission is GRANTED IN PART and DENIED IN PART; and,

2. Within 30 days of the issuance of this order, Defendant Guerrero SHALL serve on Plaintiff amended answers to Request Numbers 15, 17, 20, and 21.

IT IS SO ORDERED.

Dated:   **July 1, 2021**                              /s/ *Sheila K. Oberto*
                                                       UNITED STATES MAGISTRATE JUDGE