UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JARED M. VILLERY,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>D. CROUNSE, et al.,<br><br>　　　　　　Defendants. | Case No. 1:18-cv-01623-NONE-SKO (PC)<br><br>**ORDER DENYING MOTION TO COMPEL AS UNTIMELY AND DENYING MOTION TO STRIKE AS MOOT**<br><br>(Docs. 67, 81) |

On September 9, 2019, the Court issued its first discovery and scheduling order, setting the discovery cutoff date as February 9, 2020, including the deadline to file motions to compel. (Doc. 23.) On December 4, 2019, the Court issued a second discovery and scheduling order, setting the discovery cutoff date as May 4, 2020. (Doc. 32.) Thereafter, the Court extended the discovery cutoff on several occasions. (Docs. 36, 40, 43, 54, 64.) The extended discovery deadline, including the deadline to file motions to compel, was March 20, 2021. (Doc. 64.)

On March 25, 2021, Plaintiff filed a motion to compel the production of documents. (Doc. 67.) Defendants filed an opposition to the motion on April 8, 2021, (Doc. 74), and Plaintiff filed a reply on April 21, 2021, (Doc. 77).[1]

///

---

[1] Defendants filed a "Notice of Clarification" or sur-reply on April 27, 2021. (Doc. 78.) Plaintiff filed a motion to strike the sur-reply on June 11, 2021. (Doc. 81.) Because the Court does not consider the sur-reply in ruling on Plaintiff's motion to compel, the Court will deny the motion to strike as moot.

Plaintiff's motion to compel and attached proof of service are dated March 22, 2021. (Doc. 67 at 24, 25.) Thus, even when taking into account the prison mailbox rule, and assuming Plaintiff submitted the motion to prison officials on the date it is signed, the motion is untimely.[2]

As described above, the discovery cutoff date has been extended numerous times since discovery opened in September of 2019. In its last order granting an extension, the Court stated, "[g]iven that discovery [has been] open for more than nine months past the initial cutoff date, the Court does not find good cause to provide more than the limited extension set forth" in the order. (Doc. 64 at 2.) For the same reasons, the Court does not find good cause to extend the cutoff *sua sponte* and *nunc pro tunc*.

Based on the foregoing, the Court DENIES Plaintiff's motion to compel the production of documents, (Doc. 67), as untimely. The Court DENIES Plaintiff's motion to strike Defendants' sur-reply (Doc. 81) as moot.

IT IS SO ORDERED.

Dated: __**July 16, 2021**__   _/s/ Sheila K. Oberto_
UNITED STATES MAGISTRATE JUDGE

---

[2] In his reply, Plaintiff argues that the discovery deadline extended to March 22, 2021, pursuant to Federal Rule of Civil Procedure 6(a). (Doc. 77 at 2.) However, the "time-computation provisions of subdivision (a) [of Rule 6] apply only when a time period must be computed. They do not apply when a fixed time to act is set." *InProcessOut, LLC v. World Tech Toys, Inc.*, No. CV SA-18-CA-0869-FB, 2019 WL 6048020, at *2 (W.D. Tex. 2019) (citing Fed. R. Civ. P. 6(a) advisory committee notes (2009)). Accordingly, the discovery deadline remained the specific calendar date set by the Court—March 20, 2021.