1

2

3

4

5

6

7

8                              UNITED STATES DISTRICT COURT

9                              EASTERN DISTRICT OF CALIFORNIA

10

11    JARED M. VILLERY,                        Case No. 1:18-cv-01623-NONE-SKO (PC)

12                    Plaintiff,               **ORDER GRANTING IN PART AND**
                                               **DENYING IN PART PLAINTIFF'S**
13           v.                                **MOTION TO COMPEL PRODUCTION**
                                               **OF DOCUMENTS FROM DEFENDANT**
14    D. CROUNSE, et al.,                       **CROUNSE**

15                    Defendants.              (Doc. 58)

16

17           Before the Court is Plaintiff Villery's motion to compel Defendant Crounse to produce

18    documents responsive to Plaintiff's first and second sets of requests for production of documents.

19    (Doc. 58.) For the reasons set forth below, the Court grants in part and denies in part Plaintiff's

20    motion.

21    **I.      BACKGROUND**

22           This case proceeds on Plaintiff's claims of retaliation and conspiracy to commit retaliation

23    in violation of the First Amendment, pursuant to 42 U.S.C. § 1983. (Doc. 56.) At all times

24    relevant to this action, Plaintiff was incarcerated at California Correctional Institution ("CCI") in

25    Tehachapi, California. (Doc. 49 at 3.) In his first amended complaint, Plaintiff alleges Defendants

26    Crounse and Groves placed him in administrative segregation ("ad seg"), and Defendants

27    Crounse, Garcia, Guerrero, and Haak caused him to remain in ad seg and transferred him to a

28    different prison, because he filed administrative grievances against prison staff. (*Id.* at 14.)

1    On September 22, 2019, Plaintiff served his First Set of Requests for Production of

2    Documents ("RFPs") on Defendant Crouse ("Defendant"). (Doc. 58 at 9.) Defendant responded

3    to the requests on November 13, 2019. (*Id.*) In July of 2020, Defendant retired from the

4    California Department of Corrections and Rehabilitation ("CDCR"). (Doc. 66 at 2.) On August

5    25, 2020, Defendant served supplemental responses to Plaintiff's First Set of RFPs. (Doc. 58 at

6    11.)

7    On August 13, 2020, Plaintiff served a Second Set of RFPs on Defendant. (*See id.*) On

8    November 9, 2020, Defendant's current counsel substituted in to represent Defendant, while the

9    remaining defendants continue to be represented by the California Attorney General. (Doc. 66 at

10   2.) Defendant responded to the Second Set of RFPs on December 14, 2020. (Doc. 58 at 12.)

11   In his motion to compel, Plaintiff contends that Defendant failed to adequately respond to

12   25 of his requests for production—six from set one, and 19 from set two. (*See* Doc. 58 at 21-31.)

13   Plaintiff moves the Court to order Defendant to produce all responsive documents, without

14   objection, and for an adverse inference instruction if this matter proceeds to trial. (*Id.* at 37.)

15   Plaintiff has narrowed the scope of 14 of the disputed requests. (Doc. 58 at 22-23, 29; Doc. 73 at

16   9.)

17   **II.     LEGAL STANDARDS**

18   "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any

19   party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1).

20   Within the scope of Rule 26(b), "[a] party may serve on any other party a request . . . to produce

21   and permit the requesting party . . . to inspect . . . any designated documents or electronically

22   stored information" that are "in the responding party's possession, custody, or control." Fed. R.

23   Civ. P. 34(a)(1)(A). "Property is deemed within a party's 'possession, custody, or control' if the

24   party has actual possession, custody, or control thereof or the legal right to obtain the property on

25   demand." *Allen v. Woodford*, No. 1:05-cv-01104-OWW-LJO, 2007 WL 309945, at *2 (E.D. Cal.

26   2007) (citation omitted).

27   In response to a request, the responding party "must either state that inspection [or

28   production] and related activities will be permitted as requested or state with specificity the

grounds for objecting to the request, including the reasons." Fed. R. Civ. P. 34(b)(2)(B). "An objection must state whether any responsive materials are being withheld on the basis of that objection." Fed. R. Civ. P. 34(b)(2)(C).

If "a party fails to produce documents . . . as requested under Rule 34," the "party seeking discovery may move for an order compelling . . . production." Fed. R. Civ. P. 37(a)(3)(B)(iv). Generally, the moving party must certify that it has conferred or attempted to confer in good faith with the responding party to resolve the dispute without court action. Fed. R. Civ. P. 37(a)(1); Local Rule 251(b). However, in prisoner cases involving *pro se* plaintiffs, the meet-and-confer requirements of Rule 37 and Local Rule 251 do not apply, though they are still encouraged. (*See* Doc. 23 at 2.)

## III.   DISCUSSION

Plaintiff contends that Defendant failed to adequately respond to six of his requests in his First Set of RFPs and all 19 of his requests in his Second Set of RFPs. (*See* Doc. 58 at 21-31.) In meet-and-conferral letters, the present motion, and his reply, Plaintiff narrows the scope of 14 of these disputed requests. (Doc. 58 at 22-23, 29; Doc. 73 at 8-9.) Below, the Court provides the disputed requests in their original forms, Defendant's responses, Defendant's current positions (as provided in his opposition to Plaintiff's motion), Plaintiff's narrowed requests (where applicable), and the Court's analyses and rulings.

### 1.   Plaintiff's First Set of RFPs

#### a.   Request No. 2

**Request**: Please identify and produce any and all emails that you have sent or received, from January 1, 2009 through June 30, 2015, including, without limitation, incoming, outgoing, forwarded, drafted, and deleted emails, which reference, and/or are in any way related to the following words, terms, and/or subjects: (a) administrative segregation; (b) ASU; (c) "up the hill"; (d) staff complaints; (e) grievances; (f) inmate appeals; (g) retaliation; (h) staff misconduct; (i) criminal activity by staff; (j) serious misconduct by staff; (k) RVR; (l) Rules Violation Reports; (m) Ombudsman; (n) Karin Richter; (o) inmate transfers; and/or (p) "ship him out."

1    **Response**: Defendant objects to this request on the grounds that it is overly broad,

2    excessive proportional to the needs of the case, and unduly burdensome, harassing, and

3    oppressive because it seeks documents far beyond the scope of the relevant time frame at

4    issue for Plaintiffs claims. The allegations in this case took place exclusively between

5    December 2014 and January 2015. Plaintiff's request does not even seek documents

6    related to himself or his claims. Furthermore, several of the seventeen search terms

7    identified by Plaintiff in Request No. 2 (such as "administrative segregation" and "ASU")

8    are so general and widely used as to make the search meaningless. Without waiving these

9    objections, and after a reasonable search and diligent inquiry, 3,168 emails matching the

10   search criteria were located in CDCR's archives. It would be unduly burdensome to

11   review these emails for potentially privileged or confidential information, and the vast

12   majority of these emails are not relevant to Plaintiffs claims. Without some narrowing of

13   the requested search terms, Defendant will produce no documents in response to this

14   request.

15   **Defendant's Current Position**: Defendant is retired, and has no possession, custody, or

16   control of CDCR documents. As a retiree, Defendant has no continuing relationship with

17   CDCR, and no constructive control of the CDCR documents requested. . . . [In addition,]

18   Plaintiff's request easily falls outside the boundaries set by Fed. R. Civ. P. 26(b)(1), as the

19   majority of the information would not be relevant to any party's claim or defense.

20   **Plaintiff's Narrowed Request**: Plaintiff seeks an order compelling Crounse to produce

21   emails from his CDCR account, sent or received from June 1, 2012 through June 30,

22   2015, which are related to the terms "up the hill;" retaliation; staff misconduct; inmate

23   transfers; and "ship him out."

24   **Court's Analysis and Ruling**: Plaintiff contends the subject emails are relevant to his

25   claim of retaliation because they may show Defendant's motive for placing him in ad seg or

26   transferring him to a different prison, or Defendant's "modus operandi of segregating inmates for

27   filing appeals against staff." (Doc. 58 at 23.) The Court agrees. Although evidence of an "act is

28   not admissible to prove a person's character in order to show that on a particular occasion the

1    person acted in accordance with the character," such "evidence may be admissible for another

2    purpose, such as proving motive, . . . intent, . . . absence of mistake, or lack of accident." Fed. R.

3    Evid. 404(b). Emails to or from Defendant containing the terms "up the hill," "ship him out,"

4    "retaliation," "staff misconduct," and "inmate transfers" may support Plaintiff's claim that

5    Defendant placed him in ad seg or transferred him with retaliatory intent by providing evidence of

6    Defendant's motive or *modus operandi*.[1] The emails may alternatively support Defendant's

7    position—that Plaintiff's ad-seg placement and transfer served valid penological purpose—for

8    this very same reason (i.e., by providing evidence of motive, *modus operandi*, or intent).

9        The Court additionally finds that with its narrowed timeframe and scope, Plaintiff's

10   request is not overbroad or unduly burdensome.[2]

11       Lastly, the Court finds that Defendant's claim that he is not in possession, custody, or

12   control of responsive documents because he is retired is untimely. Based on his original response,

13   it is clear that Defendant *was* in possession, custody, or control of the subject emails in November

14   of 2019. Defendant did not retire from CDCR until July of 2020, (Doc. 66 at 2), eight months

15   later. During the interim, Plaintiff met and conferred with Defendant's former counsel and

16   narrowed the scope of his request, (Doc. 58 at 9-12), as Defendant advised him to do in his

17   original response. Defendant cannot now raise a claim that he is not in possession of the emails,

18   when he had 10 months to retrieve the emails before his retirement. The Court therefore finds that

19   this claim is waived.

20       It is also unclear whether Defendant's current counsel contacted Defendant's former

21   counsel at the California Attorney General's Office to inquire if the latter obtained the subject

22   emails on Defendant's behalf, prior to his retirement. Based on Defendant's original response, his

23   former counsel knew the number of responsive emails; thus, he may have also obtained them. If

24   he did, Defendant's current counsel would of course have the "legal right to obtain the [emails]

25

26   [1] According to Plaintiff, the terms "up the hill" and "ship him out" are commonly used by CCI staff to refer "to an
     inmate's placement in ASU or transfer to a different prison." (Doc. 58 at 22-23.)

27   [2] Although the Court does not know the number of emails within the universe of Plaintiff's narrowed request, the
     Court assumes the number is significantly less than the "3,168" number provided in Defendant's original response,

28   since Plaintiff's original request contained 16 search terms and spanned six and a half years, whereas his narrowed
     request contains only five search terms and spans three years.

1   on demand" from former counsel. *Allen*, 2007 WL 309945, at *2 (citation omitted). In a

2   supporting declaration, defense counsel states that she requested the emails from the CDCR

3   Office of Legal Affairs and the litigation coordinator at CCI, but that she has not received a

4   response. (Doc. 66-1 at 2.) Counsel does not indicate, however, whether she more generally

5   conducted a reasonable and diligent search for emails within her constructive possession, such as

6   by contacting Defendant's former counsel.

7          Based on the foregoing, the Court DIRECTS Defendant to produce all emails from his

8   CDCR email account, sent or received from June 1, 2012, through June 30, 2015, which contain

9   the terms "up the hill;" "retaliation;" "staff misconduct;" "inmate transfers;" or "ship him out,"

10  unless any of those emails contain privileged or confidential information.[3] If any emails contain

11  privileged information, Defendant must provide a privilege log if he intends to withhold the

12  emails on this ground. *See* Fed. R. Civ. P. 26(b)(5)(A). If Defendant withholds any emails on the

13  ground that they contain confidential information, he must provide the statutory or other authority

14  on which the claim of confidentiality is based.

15          b.  Request No. 5

16  **Request**: Please identify and produce any and all inmate appeals, which have been

17      classified as staff complaints, that have ever been filed against you by inmates other than

18      plaintiff, during your entire career with the CDCR.

19  **Response**: Defendant objects to this request on the grounds that it is overly broad, fails to

20      identify the documents sought with particularity, and is excessive proportional to the

21      needs of the case. Plaintiff has alleged that Defendant retaliated against him in December

22      2014 and January 2015. Staff complaints unrelated to retaliation over Defendant's entire

23      career are wholly irrelevant to this case. Moreover, to the extent that Plaintiff is seeking

24      any uncorroborated allegations of wrongdoing against Defendant by third parties, those

---

[3] The Court does not find that Defendant waived an objection on privilege grounds, as Plaintiff contends. (*See* Doc. 58 at 15-17.) Defendant noted in his original response that "[i]t would be unduly burdensome to review . . . [3,168] emails for potentially privileged or confidential information. Without some narrowing of the requested search terms, Defendant will produce no documents in response to this request." (Doc. 66 at 3-4.) In other words, although Defendant did not formally invoke an objection on privilege or confidentiality grounds, he implied that he may if the universe of responsive emails were smaller. Thus, the Court finds that Defendant preserved a potential objection on grounds of privilege or confidentiality.

1    allegations would be inadmissible hearsay, and therefore this request is unduly

2    burdensome, oppressive, and harassing because it seeks documents not reasonably

3    calculated to lead to the discovery of admissible evidence. Without some limitation in the

4    scope of this request, Defendant cannot reasonably respond.

5    **Defendant's Current Position**: Defendant is retired, and has no possession, custody, or

6    control of CDCR documents. As a retiree, Defendant has no continuing relationship with

7    CDCR, and no constructive control of the CDCR documents requested. . . . [In addition,

8    t]he request for all staff complaints filed against Lt. Crounse is overly broad and would

9    produce only inadmissible hearsay of non-parties which is unrelated to claims or defenses

10   in this action. The request [also] appears to be geared towards obtaining inadmissible

11   character evidence.

12   **Plaintiff's Narrowed Request**: [Plaintiff seeks] complaints filed from January 1, 2008 to

13   June 30, 2015. . . . concerning allegations of any type of retaliation, falsification of

14   documents, and/or any behavior or actions which could be construed as Defendant. . .

15   being untruthful or lying, as well as complaints which describe actions showing

16   Defendant['s] bias against inmates.

17   **Court's Analysis and Ruling**: Defendant's objections that responsive records would

18   constitute hearsay or inadmissible character evidence are overruled. "Information within th[e]

19   scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P.

20   26(b)(1).

21   The Court agrees, however, that Plaintiff's request for all staff complaints against

22   Defendant throughout his entire career—whether or not those complaints are similar to Plaintiff's

23   claim of retaliation—is overly broad. With respect to Request No. 2, the Court found that

24   responsive emails were relevant to a claim or a defense because they may provide evidence of

25   Defendant's motive, *modus operandi*, or intent. Here, the Court does not find that Plaintiff's

26   request for all staff complaints against Defendant is reasonably calculated to obtaining admissible

27   evidence in support of his claims of isolated (as opposed to systemic) retaliation. *Cf. Ramirez v.*

28   *Cty. of Los Angeles*, 231 F.R.D. 407, 412 (C.D. Cal. 2005) (request for all disciplinary records of

1  a sheriff's detective were relevant to plaintiff's claims, in part, because plaintiff's allegations

2  against the detective and sheriff's department were "extensive and allege[d] systemic failures").

3  Rather, Plaintiff's request appears to be an attempt to engage in an improper "fishing expedition."

4  *See Rivera v. NIBCO, Inc.*, 364 F.3d 1057, 1072 (9th Cir. 2004).

5  Plaintiff's narrowed request continues to be overbroad. The request spans seven and a half

6  years and is again not limited to claims of retaliation similar to Plaintiff's (or allegations of

7  dishonesty pertinent to credibility). While "[c]ourts generally order production of complaints that

8  involve allegations of similar incidents or allegations of dishonesty," *Whitely v. CDCR*, No. 2:18-

9  cv-01103-RGK-AGR, 2021 WL 840067, at *2 (C.D. Cal. 2021) (citations omitted), courts

10  frequently deny requests that are not so limited, *see, e.g.*, *id.*; *Roettgen v. Foston*, No. 3:2013-cv-

11  01101-GPC-BGS, 2-3, 7 (S.D. Cal. May 4, 2016) (denying request for complaints that relate to

12  defendant's "misconduct in the past").

13  The Court, however, rejects Defendant's apparent contention that this request should be

14  denied in full. In general, when courts find that a plaintiff's request for staff complaints against a

15  defendant is overbroad, the request is limited, as opposed to being outright denied. *See, e.g.*,

16  *Whitely*, 2021 WL 840067, at *2-3 (citations omitted); *Tabatabaee v. Santoro*, No. 1:14-cv-

17  01545-LJO-GSA, 2016 WL 6084569, at *7-8 (E.D. Cal. 2016); *Hunter v. Ogbuehi*, No. 1:13-cv-

18  01681-DAD-GSA, 2018 WL 1243421, at *8-9 (E.D. Cal. 2018) (citations omitted). In addition,

19  for the reasons provided with respect to Request No. 2, the Court rejects Defendant's claim that

20  he is not in possession, custody, or control of responsive documents because he is retired.

21  Accordingly, the Court DIRECTS Defendant to produce or permit Plaintiff to inspect all

22  inmate grievances or appeals that have been classified as staff complaints, involve allegations of

23  retaliation or dishonesty, and were filed against Defendant by inmates other than Plaintiff

24  between January 1, 2010, and June 30, 2015. Defendant may redact sensitive information such as

25  names (other than Defendant's) and social security numbers.[4] *See, e.g.*, *Whitely*, 2021 WL

26  840067, at *3; *Tabatabaee*, 2016 WL 6084569, at *8; *Lamon v. Adams*, 1:09-cv-00205-LJO-

27

28  ───────────────
   [4] Plaintiff may, in turn, seek disclosure of redacted information based on a specific showing. *See Whitely*, 2021 WL 840067, at *3.

8

SKO, 2010 WL 4513405, at *3-4 (E.D. Cal. 2010). Defendant may additionally move for a protective order governing the documents that the Court has ordered to be disclosed. *See Roettgen*, No. 3:2013-cv-01101-GPC-BGS, at 17.

        c.   Request No. 6

**Request**: Please identify and produce any and all inmate appeals, which refer to you and/or your actions and/or behaviors in any way, that have ever been submitted by the following inmates: (1) Oussama Sahibi; (2) Kenny Calihan; (3) Vincente Solomon; (4) Steven Williams; (5) Joseph A. Garcia; (6) Timothy E. Spellman; and (7) Kevin Gunn.

**Response**: Defendant objects to this request on the grounds that it is overly broad, fails to identify the documents sought with particularity, and is excessive proportional to the needs of the case. Defendant further objects to this request on the grounds that it seeks documents which are unrelated to the claims or defenses of any party in this lawsuit. Defendant further objects to this request on the grounds that it is unduly burdensome, harassing, and oppressive because it would require that prison staff read each of the seven non-party inmate's appeals to see if any of them made any reference to Defendant. Furthermore, those appeals would all be inadmissible hearsay. Defendant will produce no documents in response to this request.

**Defendant's Current Position**: Defendant is retired, and has no possession, custody, or control of CDCR documents. As a retiree, Defendant has no continuing relationship with CDCR, and no constructive control of the CDCR documents requested. . . . [In addition, t]he request for all inmates appeals which "reference" Lt. Crounse by the 7 listed non-party inmates is overly broad and would produce only inadmissible hearsay of non-parties which is unrelated to claims or defenses in this action. The request [also] appears to be geared towards obtaining inadmissible character evidence.

**Court's Analysis and Ruling**: For the reasons provided with respect to Request No. 5, the Court finds that Request No. 6 is overly broad, given that it is not limited in time or to complaints that involve allegations of retaliation or dishonesty. The Court declines to narrow this request *sua sponte*, since documents responsive to a narrowed request would be encompassed

1    within the documents that the Court ordered to be disclosed under Request No. 5.

2         Accordingly, the Court DENIES Plaintiff's motion to compel as to this request.

3              d.  Request No. 9

4    **Request**: Please identify and produce any and all "Comparative Statistical Data"

5    (COMPSTAT) reports, prepared in connection with Facility C at CCI, that were created

6    from January 1, 2010, through December 31, 2015.

7    **Response**: Defendant objects to this request on the ground that it is unintelligible in its

8    entirety and fails to identify the documents sought with particularity. Without some

9    clarification of the documents being sought, Defendant cannot reasonably respond to this

10   request.

11   **Supplemental Response**: Without waiving previously-asserted objections, based on the

12   parties' agreement on January 31, 2020, and after a reasonable search and diligent inquiry,

13   this request seeks documents which are not available to Defendant after his retirement.

14   Accordingly, no responsive documents could be located within Defendant's possession,

15   custody, or control.

16   **Defendant's Current Position**: Defendant is retired, and has no possession, custody, or

17   control of CDCR documents. As a retiree, Defendant has no continuing relationship with

18   CDCR, and no constructive control of the CDCR documents requested. [In addition, t]he

19   "example" Compstat report produced by Plaintiff at Exhibit B to his motion to compel

20   appears to contain surprisingly invasive and confidential information regarding non-party

21   inmates. . .

22   **Plaintiff's Narrowed Request**: [Plaintiff seeks] reports . . . which contain COMPSTAT

23   data from Facility C at CCI . . . [from] January 1, 2011 through June 30, 2015.

24   **Court's Analysis and Ruling**: For the reasons provided with respect to Request No. 2,

25   the Court rejects Defendant's claim that he is not in possession, custody, or control of responsive

26   documents because he is retired. In addition, Defendant's apparent objection on the grounds of

27   confidentiality is waived, since Defendant did not raise this objection in his original or

28   supplement response. Lastly, based on the fact that Defendant's counsel has now apparently seen

1    an example of the type of document that Plaintiff seeks, (*see, e.g.*, Doc. 58 at 27, Doc. 66 at 7),

2    Defendant's original objection on the ground that this request is unintelligible is moot.

3    　　　　Accordingly, the Court DIRECTS Defendant to produce or permit Plaintiff to inspect all

4    "Comparative Statistical Data" (COMPSTAT) reports, prepared in connection with Facility C at

5    CCI, that were created between January 1, 2011, and June 30, 2015. Defendant may redact

6    sensitive information such as names (other than Defendant's) and social security numbers.[5]

7    Defendant may additionally move for a protective order governing the documents that the Court

8    has ordered to be disclosed.

9    　　　　e.　Request No. 10

10   **Request**: Please identify and produce any and all records, created by Lieutenant L.

11   Haskall, yourself, or any other CDCR staff member, which are in any way related to the

12   alleged inquiry that was assigned to Lt. L. Haskall, which was the purported basis for

13   Plaintiffs placement in ASU on January 2, 2015, including, without limitation: (1) witness

14   statements and/or interviews; (b) documents reviewed and/or considered; (c) initial,

15   supplemental, follow-up, and/or closure reports; (d) CDCR rules and regulations

16   considered and/or relied upon; (e) CCI Operational Procedures considered and/or relied

17   upon; and (f) any documented correspondence, and/or communications of any kind with

18   supervisorial staff concerning the inquiry.

19   **Response**: Defendant objects to this request on the grounds that it is overly broad, is

20   vague as to time, calls for speculation, and is vague in its entirety. Plaintiff's request seeks

21   all documents created by any staff member at any time related to an inquiry conducted by

22   a non-party to this lawsuit. Defendant has no way of knowing the entire universe of

23   documents relied upon by a different person. Without waiving these objections, and after a

24   reasonable search and diligent inquiry, all responsive documents in Defendant's

25   possession, custody, or control are attached as Exhibit B.

26   **Defendant's Current Position**: Defendant is retired, and has no possession, custody, or

27   control of CDCR documents. As a retiree, Defendant has no continuing relationship with

28

---

[5] Plaintiff may, in turn, seek disclosure of redacted information based on a specific showing.

1   CDCR, and no constructive control of the CDCR documents requested. . . . [In addition,

2   a]s indicated in the initial response to No. 10, Defendant produced the records available to

3   him at that time, after a reasonable search and diligent inquiry.

4   **Court's Analysis and Ruling**: In his original response, Defendant stated that he produced

5   all responsive documents in his possession, custody, or control after conducting a reasonable

6   search and a diligent inquiry. (Doc. 66 at 7-8.) Plaintiff fails to meet his burden in showing that

7   Defendant did not, in fact, produce all responsive documents in his possession, custody, or

8   control. *See Allen*, 2007 WL 309945, at *7 ("party seeking production of . . . documents bears the

9   burden of proving that the opposing party has . . . control" over the documents); *Villery v. Jones*,

10   No. 1:15-cv-01360-DAD-JDP, 2020 WL 6324338, at *2-3 (E.D. Cal. 2020) ("plaintiff has failed

11   to show that defendants have the legal right to obtain more documents").

12   Accordingly, the Court DENIES Plaintiff's motion to compel as to this request.

13   f.   Request No. 11

14   **Request**: Please produce the Confidential Supplements, Attachments C, that were created

15   in connection with the investigations of the following inmate appeals: (1) #CCI-0-14-

16   02120; (2) #CCI-0-14-02703; (3) #CCI-0-14-02387; (4) #CCI-0-14-02702; and (5) #CCI-

17   0-14-02701.

18   **Response**: Defendant objects to this request on the grounds that it seeks information that

19   is unrelated to the claims or defenses of any party, and therefore it is overly broad. Appeal

20   #CCI-0-14-02701 involved Plaintiffs allegation that Officer Brown denied his legal mail,

21   appeal #CCI-0-14-02702 involved Plaintiffs allegation that Lieutenant Coontz falsified

22   information during his hearing on a disciplinary charge, appeal #CCI-0-14-02703

23   involved Plaintiffs allegation that Lieutenant Machado denied him witnesses during his

24   hearing on a disciplinary charge, appeal #CCI-0-14-02387 involved Plaintiffs allegation

25   that Sergeant Fidler and Officer Rodriguez retaliated against him by filing false charges

26   and placing him on C-status, and appeal #CCI-0-14-02120 involved Plaintiffs allegation

27   that Officer Gibbons retaliated against him for his ongoing litigation by fabricating a story

28   about finding an altered razor during a search of his cell. None of these claims were

corroborated through investigation, and none of these claims were against any of the Defendants in this action. Defendant further objects to this request on the grounds that it seeks documents not reasonably calculated to lead to the discovery of admissible evidence. Without waiving these objections, Defendant has located a number of responsive documents within his possession, custody, and control. However, due to their confidentiality under California law, Plaintiff is not permitted to possess these documents. Defense counsel will make arrangements with the litigation coordinator at Plaintiff's current institution to inspect these documents upon his request.

**Defendant's Current Position**: Defendant is retired, and has no possession, custody, or control of CDCR documents. As a retiree, Defendant has no continuing relationship with CDCR, and no constructive control of the CDCR documents requested. . . . [In addition, the initial] response provides that the confidential information was made available for Plaintiff's viewing at his institution. Plaintiff does not address in his motion if he was denied access to view the confidential information concerning the 5 listed inmate appeals and does not state why he must possess copies rather than viewing the records.

**Plaintiff's Narrowed Request**: [Plaintiff requests] Confidential Supplements for Appeal Log #CCI-0-14-02120; #CCI-0-14-02703; #CCI-0-14-02702; and #CCI-0-14-02701.

**Court's Analysis and Ruling**: Plaintiff alleges Defendant placed him in ad seg purportedly "to maintain the integrity of an investigation into several of his claims of staff misconduct," and because he had "expressed safety concerns in the appeals that he had filed." (Doc. 58 at 31; Doc. 49 at 10-12.) Plaintiff alleges these purported grounds were pretextual, and that Defendant actually placed him in ad seg in retaliation for his filing of grievances. (Doc. 49 at 10-12.) Plaintiff thus requests the "Confidential Supplements . . . that were prepared as part of staff's investigation into the last five inmate appeals that Plaintiff had filed while confined at CCI, which had been classified as staff complaints." (Doc. 58 at 31.)

In response to an interrogatory, Defendant stated that he placed Plaintiff in ad seg pending the investigation into Plaintiff's inmate appeals, which included the abovenamed appeals. (*Id.* at 31, 128-29.) Thus, the records that documented these alleged investigations would clearly be

13

1   relevant to this defense—or, alternatively, to Plaintiff's claim that this defense is pretextual.

2   Therefore, Defendant's objection on the grounds that this request is irrelevant or not reasonably

3   calculated to lead to admissible evidence is overruled.

4          In addition, despite Defendant's contention that "counsel w[ould] make arrangements with

5   the litigation coordinator at Plaintiff's current institution to inspect [responsive] documents,"

6   (Doc. 66 at 9), Plaintiff declares that he has "never been provided with any opportunity to review

7   the Confidential Supplements" that he requested, (Doc. 73 at 12).

8          Lastly, for the reasons provided with respect to Request No. 2, the Court rejects

9   Defendant's claim that he is not in possession, custody, or control of responsive documents

10  because he is retired.

11         Accordingly, the Court DIRECTS Defendant to produce or permit Plaintiff to inspect the

12  "Confidential Supplements" that were created in connection with the investigations of the

13  following inmate appeals: (1) #CCI-0-14-02120; (2) #CCI-0-14-02703; (3) #CCI-0-14-02702;

14  and (4) #CCI-0-14-02701. If Defendant only permits Plaintiff to inspect the documents—instead

15  of producing them—based on a claim of confidentiality, he must provide the statutory or other

16  authority on which the claim is founded.[6] He must also state what specific information is

17  confidential or sensitive; he may not merely rely on the documents' labeling of "Confidential."

18  *See Smith v. Torres*, Case No. 1:16-cv-01924-LJO-JDP, 3 (E.D. Cal. Jan. 3, 2019) ("mere

19  labeling of a class of documents as 'confidential' . . . does not permit the State . . . to withhold

20  otherwise discoverable information in federal litigation").

21         **2.  Plaintiff's Second Set of RFPs**

22             a.  Request Nos. 1-6

23  **Request No. 1**: From any and all logbooks that Sergeants were required to maintain in the

24             Facility C Unit Office at CCI, please identify and produce the pages from such logbooks

25             that contain all of the entries made, during all shifts, from January 20, 2014 through

26             January 3, 2015.

27  **Request No. 2**: From any and all logbooks that Lieutenants were required to maintain in

28

---

[6] If Defendant only permits inspection, Plaintiff may, in turn, move for production based on a specific showing.

the Facility C Unit Office at CCI, please identify and produce the pages from such logbooks that contain all of the entries made, during all shifts, from January 20, 2014 through January 3, 2015.

**Request No**. **3**: From any and all logbooks, journals, schedules, calendars, and/or itineraries that were maintained by the Facility Captain in the Facility C Unit Office, please identify and produce the pages from such records that contain all of the entries made, during all shifts, from January 20, 2014 through January 9, 2015.

**Request No**. **4**: From any and all logbooks, journals, schedules, calendars, and/or itineraries that were maintained by any Office Technician in the Facility C Unit Office, please identify and produce the pages from such records that contain all of the entries made, during all shifts, from January 20, 2014 through January 9, 2015.

**Request No**. **5**: From any and all logbooks, journals, calendars, schedules, and/or itineraries that were maintained by any Office Technician in the Associate Warden's Office over Facility C at CCI, please identify and produce the pages from such records that contain all of the entries made, during all shifts, from January 20, 2014 through January 9, 2015.

**Request No**. **6**: From any and all logbooks, schedules, journals, calendars, and/or itineraries that were maintained by the Associate Warden over Facility C at CCI, please identify and produce the pages from such records that contain all of the entries made, during all shifts, from January 20, 2014 through January 9, 2015.

**Response to Requests No**. **1-6**: Responding defendant is retired, and he cannot locate responsive CDCR documents within his possession, custody, or control.

**Defendant's Current Position**: Defendant is retired, and has no possession, custody, or control of CDCR documents. As a retiree, Defendant has no continuing relationship with CDCR, and no constructive control of the CDCR documents requested. In a good faith effort and in exercise of due diligence, however, current counsel requested the documents from the CDCR Office of Legal Affairs *and* from the litigation coordinator at CCI in writing, but to date no documents have been made available to Defendant. . . .

15

**Court's Analysis and Ruling**: The Court accepts Defendant's claim that he is not in possession, custody, or control of responsive documents because he is retired. Defendant retired from CDCR in July of 2020, (Doc. 66 at 2), and Plaintiff did not serve his Second Set of RFPs until August of 2020, (Doc. 58 at 11). Defense counsel declares that she recently "submitted a request in writing to the CDCR Office of Legal Affairs and to the litigation coordinator at CCI attempting to secure the" requested documents, but "[n]o documents have yet been made available." (Doc. 66-1 at 2.) Given counsel's declaration, Plaintiff fails to show that Defendant "has actual possession, custody, or control" of responsive documents or that, as a retiree, he has "the legal right to obtain the[m] on demand." *Allen*, 2007 WL 309945, at *2; *see also Bryant v. Armstrong*, 285 F.R.D. 596, 607 (S.D. Cal. 2012) (former employee of CDCR could not be compelled to produce documents from her former employer, when those documents were not in her actual possession, custody, or control); *Lowe v. D.C.*, 250 F.R.D. 36, 38 (D.D.C. 2008) ("[f]ormer employees of government agencies do not have 'possession, custody, or control' of documents held by their former employers").

Plaintiff contends that "Crounse's ability to access [responsive] records is established by Defendant Haak's actions, who, although long retired from the CDCR, produced evidence during discovery demonstrating his own ongoing, practical ability to access" CDCR records. (Doc. 58 at 33.) Plaintiff further argues that, because "[Crounse's] entire defense is being funded by the CDCR[,]. . . . [t]he mutual interests of Crounse and CDCR . . . establishes that Crounse has the 'practical ability' to obtain documents . . . from the CDCR upon request." (*Id.* at 19.) The Court disagrees. The fact that another defendant may have produced records from CDCR, or that CDCR may be funding Crounse's defense, fails to show that Crounse has (a) actual possession of documents responsive to the *present* requests, (b) the practical ability to obtain responsive documents, or (3) the legal authority to command CDCR to provide such documents. Defense counsel's declaration that she submitted a request to CDCR for responsive records, but that CDCR has so far refused to comply with her request, provides evidence that Defendant lacks the practical ability and legal authority to obtain the records. The Court additionally lacks jurisdiction to command CDCR, a non-party, to comply with counsel's request.

1      Plaintiff thus fails to meet his burden in showing that Defendant has or had access to

2  responsive documents after he retired. *See Allen*, 2007 WL 309945, at *7 ("party seeking

3  production of . . . bears the burden of proving that the opposing party has . . . control").

4  Accordingly, the Court DENIES Plaintiff's motion to compel as to Requests Nos. 1-6.

5      b.  Request No. 7

6      **Request**: Please identify and produce any and all emails from CDCR's archives, that were

7      sent from and/or received by the following current/former CCI employee: KIMBERLY

8      HOLLAND, Warden, on email account: [Kim.Holland@cdcr.ca.gov], including, without

9      limitation, incoming, outgoing, forwarded, drafted, and deleted emails, which reference,

10     and/or are in any way related to the following words, terms, or subjects (your response to

11     this request must individually identify the number of emails that are responsive to each of

12     the search terms):

13     1. Villery (no time restriction);

14     2. V-88097 (no time restriction);

15     3. Internal Affairs (from July 1, 2014 through July 1, 2016);

16     4. Ombudsman (from June 1, 2014 through January 15, 2015);

17     5. Richter (from April 1, 2013 through January 15, 2015); and/or

18     6. COMPSTAT (from January 1, 2014 through March 31, 2015).

19     **Response**: Objection. Responding Defendant objects to the request and all subparts, as it

20     is overbroad and unduly burdensome, oppressive, and harassing because it calls for

21     production of emails and documents generated by another party, to which Defendant has

22     no access. Defendant further objects that it calls for the production of documents which

23     may be deemed confidential under California Code of Regulations, title 15, § 3321.

24     Without waiving the objections, Defendant responds as follows:

25     1. Defendant has no access to CDCR archives and thus he cannot locate responsive

26     documents within his possession, custody or control.

27     2. Defendant has no access to CDCR archives and thus he cannot locate responsive

28     documents within his possession, custody or control.

3. Defendant has no access to CDCR archives and thus he cannot locate responsive documents within his possession, custody or control.

4. Defendant has no access to CDCR archives and thus he cannot locate responsive documents within his possession, custody or control.

5. Defendant has no access to CDCR archives and thus he cannot locate responsive documents within his possession, custody or control.

6. Defendant has no access to CDCR archives and thus he cannot locate responsive documents within his possession, custody or control.

**Defendant's Current Position**: Defendant is retired, and has no possession, custody, or control of CDCR documents. As a retiree, Defendant has no continuing relationship with CDCR, and no constructive control of the CDCR documents requested. In a good faith effort and in exercise of due diligence, however, current counsel requested the documents from the CDCR Office of Legal Affairs *and* from the litigation coordinator at CCI in writing, but to date no documents have been made available to Defendant. . . . [In addition, t]he emails produced by co-defendants undoubtedly duplicate potential responses by Defendant Crounse to the email RFPs at issue here. Moreover, K. Holland has recently been added as a defendant in this action, and her emails would be more readily obtainable from her.

**Court's Analysis and Ruling**: For the reasons set forth with respect to Request Nos. 1-6, the Court accepts Defendant's claim that he is not in possession, custody, or control of responsive documents. Accordingly, the Court DENIES Plaintiff's motion to compel as to this request.

     c.  <u>Request No. 8</u>

**Request**: Please identify and produce any and all emails from CDCR's archives, that were sent from and/or received by the following current/former CCI employee: ROGER A. GROVES, Chief Deputy Warden, on email account: [Roger.Groves@cdcr.ca.gov], including, without limitation, incoming, outgoing, forwarded, drafted, and deleted emails, which reference, and/or are in any way related to the following words, terms, or subjects (your response to this request must individually identify the number of emails that are

responsive to each of the search terms):

1. Villery (no time restriction);

2. V-88097 (no time restriction);

3. Internal Affairs (from July 1, 2014 through July 1, 2016);

4. Ombudsman (from June 1, 2014 through January 15, 2015);

5. Richter (from April 1, 2013 through January 15, 2015); and/or

6. COMPSTAT (from January 1, 2014 through March 31, 2015).

**Response**: Objection. Responding Defendant objects to the request and all subparts, as it is overbroad and unduly burdensome, oppressive, and harassing because it calls for production of emails and documents generated by another party, to which Defendant has no access. Defendant further objects that it calls for the production of documents which may be deemed confidential under California Code of Regulations, title 15, § 3321. Without waiving the objections, Defendant responds as follows:

1. Defendant has no access to CDCR archives and thus he cannot locate responsive documents within his possession, custody or control.

2. Defendant has no access to CDCR archives and thus he cannot locate responsive documents within his possession, custody or control.

3. Defendant has no access to CDCR archives and thus he cannot locate responsive documents within his possession, custody or control.

4. Defendant has no access to CDCR archives and thus he cannot locate responsive documents within his possession, custody or control.

5. Defendant has no access to CDCR archives and thus he cannot locate responsive documents within his possession, custody or control.

6. Defendant has no access to CDCR archives and thus he cannot locate responsive documents within his possession, custody or control.

**Defendant's Current Position**: Defendant is retired, and has no possession, custody, or control of CDCR documents. As a retiree, Defendant has no continuing relationship with CDCR, and no constructive control of the CDCR documents requested. In a good faith

1      effort and in exercise of due diligence, however, current counsel requested the documents

2      from the CDCR Office of Legal Affairs *and* from the litigation coordinator at CCI in

3      writing, but to date no documents have been made available to Defendant. . . . [In

4      addition, t]he emails produced by co-defendants undoubtedly duplicate potential

5      responses by Defendant Crounse to the email RFPs at issue here. Moreover, R. Groves

6      was recently added as a defendant in this action, and his emails may be more readily

7      obtained through him.

8      **Court's Analysis and Ruling**: For the reasons provided with respect to Request Nos. 1-6,

9      the Court accepts Defendant's claim that he is not in possession, custody, or control of responsive

10     documents. Accordingly, the Court DENIES Plaintiff's motion to compel as to this request.

11          d.   Request No. 9

12     **Request**: Please identify and produce any and all emails from CDCR's archives, that were

13     sent from and/or received by the following current/former CCI employee: SANDRA

14     SNYDER, Office Technician, working as Associate Warden's Secretary, on email

15     account: [Sandra.Snyder@cdcr.ca.gov], including, without limitation, incoming, outgoing,

16     forwarded, drafted, and deleted emails, which reference, and/or are in any way related to

17     the following words, terms, or subjects (your response to this request must individually

18     identify the number of emails that are responsive to each of the search terms):

19     1. Villery (no time restriction);

20     2. V-88097 (no time restriction);

21     3. Internal Affairs (from July 1, 2014 through July 1, 2016);

22     4. Ombudsman (from June 1, 2014 through January 15, 2015);

23     5. Richter (from April 1, 2013 through January 15, 2015); and/or

24     6. COMPSTAT (from January 1, 2014 through March 31, 2015).

25     **Response**: Objection. Responding Defendant objects to the request and all subparts, as it

26     is overbroad and unduly burdensome, oppressive, and harassing because it calls for

27     production of emails and documents generated by another party, to which Defendant has

28     no access. Defendant further objects that it calls for the production of documents which

1   may be deemed confidential under California Code of Regulations, title 15, § 3321.

2   Without waiving the objections, Defendant responds as follows:

3   1. Defendant has no access to CDCR archives and thus he cannot locate responsive

4   documents within his possession, custody or control.

5   2. Defendant has no access to CDCR archives and thus he cannot locate responsive

6   documents within his possession, custody or control.

7   3. Defendant has no access to CDCR archives and thus he cannot locate responsive

8   documents within his possession, custody or control.

9   4. Defendant has no access to CDCR archives and thus he cannot locate responsive

10  documents within his possession, custody or control.

11  5. Defendant has no access to CDCR archives and thus he cannot locate responsive

12  documents within his possession, custody or control.

13  6. Defendant has no access to CDCR archives and thus he cannot locate responsive

14  documents within his possession, custody or control.

15  **Defendant's Current Position**: Defendant is retired, and has no possession, custody, or

16  control of CDCR documents. As a retiree, Defendant has no continuing relationship with

17  CDCR, and no constructive control of the CDCR documents requested. In a good faith

18  effort and in exercise of due diligence, however, current counsel requested the documents

19  from the CDCR Office of Legal Affairs *and* from the litigation coordinator at CCI in

20  writing, but to date no documents have been made available to Defendant. . .

21  **Court's Analysis and Ruling**: For the reasons provided with respect to Request Nos. 1-6,

22  the Court accepts Defendant's claim that he is not in possession, custody, or control of responsive

23  documents. Accordingly, the Court DENIES Plaintiff's motion to compel as to this request.

24       e.  Request Nos. 10-19

25  **Defendant's Current Position**: Plaintiff's motion to compel . . . numbers "10" through

26  "19" in Set Two should be denied, as Plaintiff exceeds the limit of 35 requests for

27  production[ ] of document[s]. . .

28  **Court's Analysis and Ruling**: Per the Court's order, each party may serve no more than

21

1  35 requests for production on each opposing party. (Doc. 36; *see also* Doc. 54.) Defendant

2  contends Plaintiff has exceeded this limit. (Doc. 66 at 16.) The Court agrees.

3        As indicated above, Request No. 2 from Plaintiff's First Set of RFPs and Request Nos. 7-9

4  from Plaintiff's Second Set of RFPs seek emails containing specified search terms. As Defendant

5  notes, the search terms are provided "in the disjunctive." (Doc. 66 at 14.) For example, Request

6  No. 2 states, "Please identify and produce any and all emails that you have sent or received . . .

7  which reference . . . (a) administrative segregation; . . . (o) inmate transfers; *and/or* (p) "ship him

8  out." (*Id.* (emphasis added).) Given the disjunctive "or," to comply with this request, Defendant

9  would need to conduct 16 separate email searches. For this reason, the Court finds that each

10  subpart of Request No. 2 (set one) and Request Nos. 7-9 (set two) constitutes a separate request.

11  *See Silva v. McKenna*, No. 3:11-cv-05629-RBL-KLS, 2012 WL 1596971, at *3 (W.D. Wash.

12  2012) ("where an interrogator[y] contain[s] three inquiries, [it is] compound and should be

13  counted as three interrogatories") (citation omitted). Consequently, although Plaintiff purports to

14  have served 12 requests in his First Set of RFPs, (*see* Doc. 58 at 89-96), he actually served 27

15  requests, since Request No. 2 contains 16 discrete subparts. Likewise, although he purports to

16  have served 19 requests in his Second Set of RFPs, (*see* Doc. 58 at 104-117), Plaintiff actually

17  served 34 requests, since Request Nos. 7-9 contain 18 discrete subparts.

18        In his motion, Plaintiff states that "[u]nlike FRCP 33, which specifically articulates that

19  the numerical limits on ROGs applies with equal force to discrete subparts of each question, there

20  is no such similar provision within the language of FRCP 34." (Doc. 58 at 36.) However, the

21  reason Rule 34 contains no such language is that the rule contains *no* numerical limit on requests

22  for production. Instead, as explained above, the numerical limit at issue here is a court-imposed

23  limit. The case law interpreting Rule 33's limit on interrogatories simply provides guidance with

24  respect to the Court's limit on requests for production. In accordance with that guidance, the

25  subparts of Request No. 2 (set one) and Request Nos. 7-9 (set two) clearly constitute separate

26  requests, since each subpart requires Defendant to literally conduct a separate email search.

27        Based on the foregoing, the Court finds that Plaintiff exceeded the numerical limit of 35

28  requests for production of documents. Accordingly, the Court DENIES Plaintiff's motion to

compel as to Request Nos. 10-19.

**IV.    CONCLUSION AND ORDER**

    For the reasons set forth above, the Court ORDERS:

    1.  Plaintiff's motion to compel the production of documents from Defendant Crounse is GRANTED IN PART and DENIED IN PART, as specified herein; and

    2.  Within 30 days, Defendant Crounse SHALL serve on Plaintiff supplemental responses to Request Nos. 2, 5, 9, and 11 of Plaintiff's First Set of Requests for Production of Documents, as directed herein.

    The Court declines to issue an adverse inference instruction at this time, as requested by Plaintiff. (Doc. 58 at 37.) However, if Defendant fails to produce or permit inspection of responsive documents as directed herein, including on the ground that he is not in possession, custody, or control of the documents, the Court will entertain a motion for sanctions, including a request for adverse inference instructions.[7]

IT IS SO ORDERED.

Dated:   __**October 29, 2021**__                    _____/s/ *Sheila K. Oberto*_____
                                         UNITED STATES MAGISTRATE JUDGE

---

[7] The Court notes that Defendant may still raise claims of privilege or confidentiality with respect to Request No. 2 of set one, as instructed herein.