UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JARED M. VILLERY,<br><br>          Plaintiff,<br><br>    v.<br><br>D. CROUNSE, et al.,<br><br>          Defendants. | No. 1:18-cv-01623-NONE-SKO (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION OF MAGISTRATE JUDGE'S RULING<br><br>(Doc. 99) |

    Plaintiff Jared M. Villery is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action brought under 42 U.S.C. § 1983. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

    On March 25, 2021, plaintiff filed a motion to compel the production of documents. (Doc. No. 67.) On July 16, 2021, the assigned magistrate judge denied the motion as untimely. (Doc. No. 87.) Plaintiff now requests reconsideration of the magistrate judge's ruling pursuant to Local Rule 303(c). (Doc. No. 99.) Defendants filed an opposition to plaintiff's motion for reconsideration on September 23, 2021. (Doc. No. 101.) Plaintiff has not filed a reply to the opposition, and the time to do so has passed. *See* Loc. R. 230(l). For the reasons set forth below, the court will deny plaintiff's motion for reconsideration.

///

///

## BACKGROUND

On September 9, 2019, the assigned magistrate judge issued a discovery and scheduling order in this action, setting the discovery cutoff date, including the deadline for the filing of any motions to compel, as February 9, 2020.  (Doc. No. 23.)  On December 4, 2019, the magistrate judge issued a second discovery and scheduling order, which effectively extended the discovery cutoff date to May 4, 2020.  (Doc. No. 32.)  On five more occasions, the magistrate judge extended the discovery cutoff date.  (Doc. Nos. 36, 40, 43, 54, 64.)  On February 26, 2021, the magistrate judge extended the discovery cutoff date for the final time, setting the new deadline to file any motions to compel discovery as March 20, 2021, which happened to be a Saturday.  (Doc. No. 64.)  The magistrate judge found at that time "no[ ] . . . good cause to provide more than th[is] limited extension," "[g]iven that discovery [had been] open for more than nine months past the initial cutoff date."  (*Id.* at 2.)

On March 25, 2021 after the deadline to do so had passed, plaintiff filed a motion to compel the production of documents.  (Doc. No. 67.)  The magistrate judge denied the motion as untimely.  (Doc. No. 87.)  In response to plaintiff's argument that Rule 6(a) of the Federal Rules of Civil Procedure automatically extended the discovery cutoff date to March 22, 2021 (the date on which plaintiff contends that he submitted his motion to prison officials for mailing), the magistrate judge stated that "the 'time-computation provisions of subdivision (a) [of Rule 6] apply only when a time period must be computed.  They do not apply when a fixed time to act is set.'"  (*Id.* at 2 n.2 [citations omitted].)  Plaintiff filed the instant motion for reconsideration on September 2, 2021.  (Doc. No. 99.)

## LEGAL STANDARD

Rule 72(a) of the Federal Rules of Civil Procedure provides that non-dispositive pretrial matters may be referred to and decided by a magistrate judge, subject to review by the assigned district judge.  Fed. R. Civ. P. 72 (a); *see also* Loc. R. 303(c).  The district judge shall modify or set aside any part of the magistrate judge's order which is "found to be clearly erroneous or contrary to law."  Loc. R. 303(f); *see also* 28 U.S.C. § 636(b)(1)(A).  Discovery motions are non-dispositive pretrial motions, which come within the scope of Rule 72(a) and 28 U.S.C. §

1  636(b)(1)(A).  Thus, the orders of a magistrate judge addressing discovery motions are subject to
2  the "clearly erroneous or contrary to law" standard of review.  *Rockwell Intern., Inc. v. Pos-A-*
3  *Traction Indus., Inc.*, 712 F.2d 1324, 1325 (9th Cir. 1983).  The magistrate judge's factual
4  determinations are reviewed for clear error, while legal conclusions are reviewed to determine
5  whether they are contrary to law.  *United States v. McConney*, 728 F.2d 1195, 1200-01 (9th Cir.
6  1984), *overruled on other grounds by Estate of Merchant v. CIR*, 947 F.2d 1390 (9th Cir. 1991).
7  "A magistrate judge's decision is 'contrary to law' if it applies an incorrect legal standard, fails to
8  consider an element of [the] applicable standard, or fails to apply or misapplies relevant statutes,
9  case law, or rules of procedure."  *Martin v. Loadholt*, No. 1:10-cv-00156-LJO-MJS, 2014 WL
10 3563312, at *1 (E.D. Cal. 2014).  "[R]eview under the clearly erroneous standard is significantly
11 deferential, requiring a definite and firm conviction that a mistake has been committed."
12 *Concrete Pipe & Prod. of Cal., Inc. v. Constr. Laborers Pension Tr. for S. Cal.*, 508 U.S. 602,
13 623 (1993) (internal quotation marks omitted); *see also Sec. Farms v. Int'l Bhd. of Teamsters*, 124
14 F.3d 999, 1014 (9th Cir. 1997).

## DISCUSSION

16  It is uncontested that plaintiff filed the subject motion to compel after March 20, 2021, the
17 deadline set by the assigned magistrate judge for the filing of any motions to compel.  In his reply
18 to defendants' opposition to the motion to compel, plaintiff has argued that Rule 6(a) of the
19 Federal Rules of Civil Procedure automatically extended the deadline for filing his motion to
20 March 22, 2021.  (Doc. No. 77 at 2.)  As the citations provided by the magistrate judge
21 demonstrate (Doc. No. 87 at 2 n.2), there is authority to support the conclusion that the "time-
22 computation provisions of subdivision (a) [of Rule 6] apply only when a time period must be
23 computed.  They do not apply when a fixed time to act is set."  *InProcessOut, LLC v. World Tech*
24 *Toys, Inc.*, No. CV SA-18-CA-0869-FB, 2019 WL 6048020, at *2 (W.D. Tex. 2019) (citing Fed.
25 R. Civ. P. 6(a) advisory committee notes (2009)).  Because the magistrate judge set a date certain
26 as the deadline for the filing of any motions to compel in this case, it was not clear error for the
27 /////
28 /////

magistrate judge to conclude that the March 20, 2021 deadline was not extended by Rule 6(a).[1]

In his motion for reconsideration, plaintiff now contends that "the Magistrate . . . ignore[ed] the severe hurdles that Plaintiff faced throughout the discovery process" when denying his motion to compel as untimely. (Doc. No. 99 at 14-15.) However, the magistrate judge considered these hurdles when extending the discovery deadline set in this case on five separate previous occasions. (*See, e.g.*, Doc. No. 64 at 1.) In the February 26, 2021 order, the magistrate judge explicitly found there was not good cause to support an extension of time past the March 20, 2021 filing deadline, given that the time for discovery in the case had been extended and remained open for nine months past the original cutoff date. (Doc. No. 64 at 1-2.)

Plaintiff has not satisfied the high standard applicable to reconsideration of a magistrate judge's order on a discovery motion. As a factual matter, it is undisputed that plaintiff filed his motion to compel after the assigned discovery cutoff date. As a legal matter, the magistrate judge's finding that Rule 6(a) does not apply is not contrary to law. That plaintiff now requests "great leniency" and a finding of "excusable neglect," (Doc. No. 99 at 15), does not convert the magistrate judge's ruling from one that is factually and legally sound into one that is clearly erroneous or contrary to law.

Finally, plaintiff's motion for reconsideration is itself untimely. "Rulings by Magistrate Judges pursuant to [Local Rule 303] shall be final if no reconsideration thereof is sought from the Court within fourteen (14) days calculated from the date of service of the ruling on the parties." Loc. R. 303(b). The magistrate judge's order denying plaintiff's motion to compel was served on July 16, 2021. (Doc. No. 87.) Plaintiff did not file his motion for reconsideration until September 2, 2021,[2] (Doc. No. 99), well after the magistrate judge's ruling had become final. Denial of the pending motion for reconsideration would be appropriate on this ground alone.

/////

/////

---

[1] In his motion for reconsideration, plaintiff no longer argues that Rule 6(a) extended the deadline; thus, he appears to concede this point. (*See* Doc. No. 99 at 15.)

[2] Plaintiff's motion and proof of service are dated August 25, 2021. (Doc. No. 99 at 16, 19.) Thus, when applying the prison mailbox rule, the motion is still untimely.

4

**CONCLUSION**

For the reasons set forth above, plaintiff's motion for reconsideration (Doc. No. 99) of the magistrate judge's July 16, 2021 order is denied.

IT IS SO ORDERED.

Dated:  **November 16, 2021**

_Dale A. Drozd_
UNITED STATES DISTRICT JUDGE

5