UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JARED M. VILLERY,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>D. CROUNSE, et al.,<br><br>　　　　　Defendants. | Case No. 1:18-cv-01623-JLT-SKO (PC)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION OF MAGISTRATE JUDGE'S RULING**<br><br>(Doc. No. 108) |

Plaintiff filed a motion to compel the production of documents from defendant Crounse. (Doc. No. 58.) The assigned magistrate judge granted the motion in part and denied it in part. (Doc. No. 104.) Plaintiff then filed a motion for reconsideration of the magistrate judge's ruling pursuant to Local Rule 303(c). (Doc. No. 108.) For the reasons set forth below, the motion for reconsideration is **DENIED**.

## BACKGROUND

The assigned magistrate judge issued a discovery and scheduling order, setting the various discovery deadlines. (Doc. No. 23.) On several more occasions, the magistrate judge modified the discovery and scheduling order. (Doc. Nos. 36, 40, 43, 54, 64, 72, 84.) Relevant here, on June 21, 2021, the magistrate judge extended the deadline for filing pretrial dispositive motions from July 2, 2021, to August 16, 2021. (Doc. No. 84 at 1.)

On August 16, 2021, defendant Crounse filed a motion for summary judgment. (Doc. No.

1 88.) That same date, defendants Garcia, Groves, Guerrero, Haak and Holland filed a motion for
2 summary judgment. (Doc. No. 89, 91.)  The magistrate judge stayed briefing on the motions for
3 summary judgment pending resolution of plaintiff's then-pending motion to compel production of
4 documents from defendant Crounse.  (Doc. No. 94.)

5 Ultimately, the magistrate judge granting the motion in part and denied it in part.  (Doc.
6 No. 104.)  More specifically, and pertinent to the instant motion for reconsideration, the
7 magistrate judge denied plaintiff's motion as to Request No. 10 of Request for Production, Set
8 One, because Crounse produced all responsive documents in his possession, custody, or control
9 initially, and at the time of plaintiff's motion to compel, Crounse was retired and had "no
10 possession, custody, or control of CDCR documents;" therefore, the magistrate judge found
11 plaintiff failed to meet his burden. (Doc. No. 104 at 11-12.) Concerning the denial of Request
12 Nos. 7 and 8 of Request for Production, Set Two, the magistrate judge accepted the defendant's
13 claim that he was not in possession, custody, or control of the responsive documents, either
14 during his employment with CDCR nor as a retiree.  (Doc. No. 104 at 17-20.)  Furthermore, the
15 magistrate judge determined that plaintiff exceeded the numerical limits assigned to the number
16 of requests for production of documents that may be propounded and thus denied plaintiff's
17 request numbers 10 through 19 of Set Two of the Requests for Production of Documents to
18 Crounse.  (Doc. No. 104 at 21-23.)

19 **LEGAL STANDARD**

20 Rule 72(a) of the Federal Rules of Civil Procedure provides that non-dispositive pretrial
21 matters may be referred to and decided by a magistrate judge, subject to review by the assigned
22 district judge.  Fed. R. Civ. P. 72 (a); *see also* Loc. R. 303(c).  The district judge shall modify or
23 set aside any part of the magistrate judge's order which is "found to be clearly erroneous or
24 contrary to law." Loc. R. 303(f); *see also* 28 U.S.C. § 636(b)(1)(A).  Discovery motions are non-
25 dispositive pretrial motions, which come within the scope of Rule 72(a) and 28 U.S.C. §
26 636(b)(1)(A).  Thus, the orders of a magistrate judge addressing discovery motions are subject to
27 the "clearly erroneous or contrary to law" standard of review.  *Rockwell Intern., Inc. v. Pos-A-*
28 *Traction Indus., Inc.*, 712 F.2d 1324, 1325 (9th Cir. 1983).  The magistrate judge's factual

determinations are reviewed for clear error, while legal conclusions are reviewed to determine whether they are contrary to law. *United States v. McConney*, 728 F.2d 1195, 1200-01 (9th Cir. 1984), *overruled on other grounds by Estate of Merchant v. CIR*, 947 F.2d 1390 (9th Cir. 1991). "A magistrate judge's decision is 'contrary to law' if it applies an incorrect legal standard, fails to consider an element of [the] applicable standard, or fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Martin v. Loadholt*, No. 1:10-cv-00156-LJO-MJS, 2014 WL 3563312, at *1 (E.D. Cal. 2014). "[R]eview under the clearly erroneous standard is significantly deferential, requiring a definite and firm conviction that a mistake has been committed." *Concrete Pipe & Prod. of Cal., Inc. v. Constr. Laborers Pension Tr. for S. Cal.*, 508 U.S. 602, 623 (1993) (internal quotation marks omitted); *see also Sec. Farms v. Int'l Bhd. of Teamsters*, 124 F.3d 999, 1014 (9th Cir. 1997).

## DISCUSSION

Plaintiff argues the magistrate judge's denial of his motion to compel with respect to request number 10 of his Requests for Production of Documents, Set One, and request numbers 7 and 8 of his Requests for Production of Documents, Set Two, are clearly erroneous and contrary to law because plaintiff's evidence demonstrated that Crounse had "constructive" possession, custody, and control of the emails sought by way of previous defense counsel's receipt of documents responsive to request number 2 of plaintiff's Request for Production of Documents, Set One, "which includes emails responsive to the foregoing three requests." (Doc. No. 108 at 10-11.)

Plaintiff further argues the magistrate judge's interpretation of his request numbers 9 through 17 in Set Two of the Requests for Production of Documents, as constituting additional discrete requests within a request, and refusal to compel further production of responsive documents, was also clearly erroneous and contrary to law because Crounse did not object to the requests based upon that contention and because the magistrate judge did not address plaintiff's argument concerning "his obligation under FRCP 34(b)(1)(A)." (Doc. No. 108 at 12-13.) In doing so, plaintiff contends the magistrate judge "improperly penalized" him for complying with the same rule, placing him in a "Catch-22 situation." (Doc. No. 108 at 13.) Plaintiff contends the

magistrate judge "misapplied legal holdings from other cases, which concerned the application of limits on discrete subparts found within interrogatories as opposed to requests for production of documents. (Doc. No. 108 at 14.)

Next, plaintiff argues the magistrate judge's ruling was clearly erroneous because it did not acknowledge the agreement plaintiff had with prior defense counsel for Crounse, "Mr. Hennes." (Doc. 108 at 14-15.)

Plaintiff seeks through reconsideration an order vacating the magistrate judge's finding that plaintiff exceeded the "Court imposed numerical limits on Request for Production to" Crounse, an order compelling Crounse to "produce ALL EMAILS, previously identified in his response to Set One, RFP No. 12, which contain the terms 'Villery' and/or 'V88097', which will constitute compliance with Set Two, RFP Nos. 7,8, 10, 11, 13 and 16," and an order compelling Crounse to "produce ALL EMAILS and other records that are responsive to Set Two, RFP Nos. 9, 12, 14, 15, 17, 18, and 19."  (Doc. No. 108 at 16-17.)

A review of the magistrate judge's factual determinations reveals no clear error. *United States v. McConney*, 728 F.2d at 1200-01. Nor are the magistrate judge's legal conclusions contrary to law, as they do not apply an incorrect legal standard, fail to consider an element of the applicable standard, or fail to apply or misapply relevant statutes, case law, or rules of procedure. *Martin v. Loadholt*, No. 1:10-cv-00156-LJO-MJS, 2014 WL 3563312, at *1 (E.D. Cal. 2014).

As noted by defendant Crounse in his opposition, plaintiff fails to cite to any legal authority in support of his assertions that the magistrate judge's factual finding that Crounse does not have possession, custody, or control of the records plaintiff seeks. (Doc. No. 112 at 4-6.) The requesting party has the burden of demonstrating that the requested materials are in the responding party's possession, custody, or control. *United States v. Int'l Union of Petroleum & Indus. Workers*, 870 F.2d 1450, 1452 (9th Cir. 1989). Plaintiff has not met his burden as he offers nothing more than speculation. Furthermore, the court agrees with defendant that plaintiff has failed to show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion" as required by Local Rule 230(j)(3).

The magistrate judge's finding that plaintiff exceeded the court-imposed numerical limit

imposed for requests for production of documents is neither clearly erroneous nor contrary to law. The magistrate judge reasonably and correctly found the search terms provided by plaintiff were "'in the disjunctive'" and thus plaintiff exceeded the court-imposed numerical limit outlined in discovery and scheduling order. Plaintiff offers nothing new for purposes of reconsideration. Analogizing case law addressing discrete subparts of interrogatories, for purposes of determining whether a party has exceeded the numerical limit imposed by Federal Rule of Civil Procedure 33, to the court-imposed numerical limits for requests for production of documents does not amount to a misapplication of case law or rules of procedure, as plaintiff suggests. Certainly, plaintiff has provided no legal authority for his assertion.

Simply stated, the court does not find the magistrate judge's ruling involves a "definite and firm conviction that a mistake has been committed." *Concrete Pipe & Prod. of Cal., Inc. v. Constr. Laborers Pension Tr. for S. Cal.*, 508 U.S. at 623.

**ORDER**

For the reasons set forth above, plaintiff's motion for reconsideration of the magistrate judge's October 29, 2021, order is **DENIED**.

IT IS SO ORDERED.

Dated:   **April 19, 2022**

UNITED STATES DISTRICT JUDGE

5