UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JARED M. VILLERY,<br><br>              Plaintiff,<br><br>       v.<br><br>D. CROUNSE, et al.,<br><br>              Defendants. | Case No. 1:18-cv-01623-JLT-SKO (PC)<br><br>**ORDER VACATING ORDER ISSUED APRIL 22, 2022** (Doc. 121)<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO MODIFY DISCOVERY AND SCHEDULING ORDER TO EXTEND PRE-TRIAL DISPOSITIVE MOTION FILING DEADLINE AND SETTING DEADLINE FOR LIMITED DISCOVERY**<br><br>**ORDER TO STAY BRIEFING ON DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT** |

Plaintiff Jared M. Villery is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action brought under 42 U.S.C. § 1983.

**I.     Relevant Procedural Background**

On September 9, 2019, this Court issued the first Discovery and Scheduling Order. (Doc. 23.) A second Discovery and Scheduling Order issued on December 4, 2019. (Doc. 32.) Modifications have been granted, in whole or in part, on several occasions. (*See* Docs. 36, 40, 43, 64, 72, 84.)

On August 16, 2021, Defendant Crounse filed a motion for summary judgment. (Doc. 88.) That same date, Defendants Garcia, Groves, Guerrero, Haak and Holland filed a motion for

summary judgment. (Doc. 89, 91.)

In a motion signed and dated August 16, 2021,[1] Plaintiff sought to modify the discovery and scheduling order to extend the deadline for filing pre-trial dispositive motions. (Doc. 95.)

On August 19, 2021, this Court issued its Order Staying Briefing on Defendants' Motions for Summary Judgment. (Doc. 94.) Briefing was stayed to allow for consideration of Plaintiff's then-pending motion to compel the production of documents from Defendant Crounse (Doc. 58). (*Id*.)

On October 29, 2021, this Court issued its Order Granting in Part and Denying in Part Plaintiff's Motion to Compel Production of Documents from Defendant Crounse. (Doc. 104.) Plaintiff timely moved for reconsideration on December 16, 2021. (Doc. 108.)  Defendant opposed the motion (Doc. 112) and Plaintiff replied thereto (Doc. 117).

On April 19, 2022, District Judge Jennifer L. Thurston issued an Order Denying Plaintiff's Motion for Reconsideration of Magistrate Judge's Ruling. (Doc. 120.)

On April 22, 2022, the undersigned issued an Order denying Plaintiff's motion to modify the discovery and scheduling order to extend the deadline for filing of pre-trial dispositive motions and lifting the stay of briefing on Defendants' motions for summary judgment. (Doc. 121.)

On May 13, 2022, Plaintiff filed objections to the Court's April 22, 2022, Order. (Doc. 122.)

**II.     Withdrawal of the April 22, 2022 Order (Doc. 121)**

For the reasons set forth below, the undersigned withdraws the Order issued April 22, 2022, denying Plaintiff's motion to modify the discovery and scheduling order to extend the deadline for filing pre-trial dispositive motions.

In the April 2022 Order, the Court found Plaintiff had been provided an opportunity to engage in discovery with Defendants Holland and Groves, using the date Plaintiff filed his first amended complaint—November 11, 2020—rather than the date Defendants Holland and Groves

---

[1] Plaintiff's motion was filed with the Court on August 19, 2021.

appeared—May 7, 2021—to conclude Plaintiff had two months within which to engage in discovery with the two newest defendants. Considering the Court's incorrect conclusion, the April 22, 2022, Order will be withdrawn and the undersigned reconsiders Plaintiff's motion below.

### III. The Parties' Positions

Plaintiff seeks an extension of the deadline for filing pre-trial dispositive motions. At the time of the filing of the motion, the deadline was August 16, 2021. Plaintiff sought an extension to November 14, 2021.[2] He contends in the instant motion that good cause existed for the extension of the deadline because the discovery he seeks as part of his then-pending motion to compel production of documents filed on February 21, 2021, (Doc. 58), is critical to a summary judgment motion. Plaintiff further contends that because Defendants have thwarted his discovery efforts, they would not be prejudiced by an extension of the pretrial dispositive motion deadline. (*See* Doc. 95.) Plaintiff notes he has not had an opportunity "to pursue any discovery from Defendants Holland or Groves, due to their late addition to this case as Defendants. Therefore, since Plaintiff has a clear right to engage in discovery with Holland and Groves, any modification will not delay trial, because there will still be a need for a new round of discovery and dispositive motions involving Plaintiff, Holland and Groves." (*Id*. at 5.)

Defendants oppose the motion on the basis it is untimely, does not establish good cause, and is prejudicial to Defendants. (Doc. 96.) Defendants specifically contend good cause does not exist because Plaintiff's assumption about the outcome of his discovery motion is "unwarranted" and Plaintiff "does not adequately explain" why certain rulings he intends to seek reconsideration of by a district judge were erroneous. (*Id*. at 3-4.) Defendants further contend Plaintiff "does not adequately explain why he lacked an adequate opportunity up to this point to obtain discovery pertaining to Holland or Groves." (*Id*. at 4.) Defendants also contend extending the pre-trial dispositive motion filing deadline would further delay this litigation "with no end in sight," at "considerable time" and expense to Defendants. (*Id*. at 5.)

---

[2] Consideration of this motion was affected by the stay imposed concerning summary judgment motions briefing and by the various motions for reconsideration.

### IV. A Request for Extension of the Pre-trial Dispositive Motion Filing Deadline Does Not Equate to a Request for Extension of the Discovery Cut-Off Deadline

A review of the docket after receipt of Plaintiff's objections filed May 13, 2022, reveals that Plaintiff appears to treat a motion or request for an extension of the pre-trial dispositive motion filing deadline as one that would also extend the completion of all discovery deadline. This is incorrect.

As set forth in the two discovery and scheduling orders issued in this case, there are distinct and separate deadlines for completion of discovery and the filing of pre-trial dispositive motions. (*See* Doc. 23 at 1, 3 & Doc. 32 at 1, 3.) The deadline for completion of all discovery was most recently continued to February 12, 2021. (*See* Doc.54 [Order granting Plaintiff's motion for clarification].) The deadline for the filing of pre-trial dispositive motions was extended several times throughout the discovery period at the parties' request (*see, e.g.*, Plaintiff and Defendants, Doc. 36; Plaintiff, Doc. 40; stipulation, Doc. 43[3]), and was most recently set for August 16, 2021 (Doc. 84). In sum, a request for extension of the pre-trial dispositive motion filing deadline does not operate to also extend the deadline for the completion of all discovery.

### V. Discussion

"The district court is given broad discretion in supervising the pretrial phase of litigation." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607 (9th Cir. 1992) (citation & internal quotation marks omitted). District courts also have "wide discretion in controlling discovery." *Little v. City of Seattle*, 863 F.3d 681, 685 (9th Cir. 1988).

Here, the Court finds Plaintiff's motion, while untimely, establishes good cause to modify the discovery and scheduling order to allow for Plaintiff to engage in *limited* discovery with Defendants Holland and Groves and to extend the deadline for filing pre-trial dispositive motions.

#### A. The Motion is Untimely

As stated in the Discovery and Scheduling Orders, any "request for an extension of any deadline set in this order must be filed at least two weeks before it expires." (*See* Docs. 23 at 3 &

---

[3] On February 26, 2021, the Court granted Plaintiff a specific extension to March 20, 2021, by which Plaintiff was "to file motions to compel regarding eight sets of discovery requests referenced in his motion." (*See* Doc. 64 at 2.) No other deadline was extended.

4

32 at 3.) Plaintiff did not move to extend the pre-trial dispositive motion filing deadline until the very day it was set to expire.

Plaintiff signed and dated his motion to modify the discovery and scheduling order on August 16, 2021. (Doc. 95 at 2, 6, 10-11.) Because Plaintiff did not request to extend the pre-trial dispositive motion filing deadline at least two weeks prior to the deadline of August 16, 2021, his motion is untimely. Additionally, as noted above, if Plaintiff intended his motion to extend the deadline for the completion of all discovery, he failed to request such an extension. To engage in discovery with newly added Defendants Holland and Groves, Plaintiff should also have sought to extend the deadline for the completion of all discovery.

Out of an abundance of caution, and recognizing Plaintiff is proceeding *pro se* and the current procedural posture of this action, the undersigned will consider Plaintiff's motion on the merits despite its untimeliness.

### B. Good Cause Exists to Extend the Pre-Trial Dispositive Motion Filing Deadline and the Deadline for Completion of Discovery Limited to Defendants Holland and Groves

First, Plaintiff contends good cause exists to extend the pre-trial dispositive motion filing deadline because his February 2021 motion to compel the production of documents from Defendant Crounse (Doc. 58) remained pending in August 2021 when this motion was filed and he intended to move for reconsideration of the Court's "clearly erroneous" ruling concerning his motion to compel against Defendants Garcia, Haak, and Guerrero. (Doc. 95 at 3-4.) Plaintiff also contends the discovery materials at issue in the motions "are critical to his ability to move for partial summary judgment against Defendants Garcia, Haak, Guerrero, and Crounse." (*Id*. at 4.) Plaintiff claims it would be "impossible" to oppose Defendants' motion for summary judgment, he has a "substantial need" for the materials, and his inability "to obtain necessary discovery" "would lead to an unnecessary waste of resources by both Defendants and the Court." (*Id*.)

Plaintiff next contends he has "diligently pursued discovery in this action from the very beginning," but claims Defendants have acted "with bad-faith obstructionism, evasion, and stall tactics" at every turn. (Doc. 95 at 4-5.)

//

Plaintiff's various discovery motions have all been decided by the undersigned. (Docs. 85, 87, 104.) Plaintiff's motions for reconsideration of the latter two determinations have been denied, the District Judges have not found clear error or those determinations to be contrary to law. (Docs. 105, 120.) And Plaintiff's assertions that Defendants have acted in bad faith were alleged and denied in connection with his previous discovery motions and motions for reconsideration.

As Plaintiff's discovery motions and related motions for reconsideration have been decided, the Court now addresses Plaintiff's specific contention that he has not had an opportunity to engage in discovery with Defendants Holland and Groves and thus should be afforded such an opportunity.

The scope of discovery under Rule 26(b)(1) is broad:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1). The court, however, may limit discovery if it determines that

> (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;
>
> (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or
>
> (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1).

Fed. R. Civ. P. 26(b)(2)(C)(i)-(iii).

> Generally, the purpose of discovery is to remove surprise from trial preparation so the parties can obtain evidence necessary to evaluate and resolve their dispute. Toward this end, Rule 26(b) is liberally interpreted to permit wide-ranging discovery of information even though the information may not be admissible at the trial.

*U.S. ex rel. Schwartz v. TRW, Inc.*, 211 F.R.D. 388, 392 (C.D. Cal. 2002) (citations omitted).

//

As Plaintiff correctly notes, the discovery cut-off deadline had passed by the time Defendants Holland and Groves made their appearances in May 2021. The Court therefore agrees Plaintiff should be afforded the opportunity to engage in discovery with Defendants Holland and Groves following their appearance in this action. Fed. R. Civ. P. 26(b)(2)(C)(ii).

In sum, the Court finds good cause exists to reopen discovery as to Defendants Holland and Groves only and to extend the pre-trial dispositive motion filing deadline, adjusting the scheduling order accordingly. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d at 607; *Little v. City of Seattle*, 863 F.3d at 685.

### C. Prejudice to Defendants

In his motion, Plaintiff claims Defendants would not be prejudiced by an extension of the pre-trial dispositive motion filing deadline because he "still hasn't been provided with an opportunity to pursue any discovery from Defendants Holland and Groves" and therefore, because he "has a clear right" to do so, there exists "a need for a new round of discovery and dispositive motions" involving those parties. (Doc. 95 at 5.) Plaintiff further contends that once he receives the discovery, his motion for partial summary judgment against Defendants Crounse, Haak, Garcia and Guerrero "will resolve the question of liability" and thus "reduce the amount of time and resources that will be need to be devoted to the trial in this matter." (*Id*.)

Defendants contend granting Plaintiff's motion would "further delay this litigation, with no end in sight." (Doc. 96 at 5.) Defendants contend they "have expended considerable time and resources litigating this case, and prolonging this case for months—if not another year—would only add to such expenditures," particularly where a timely motion by Plaintiff "would have avoided the procedural entanglements." (*Id*.) They, however, fail to adequately address the fact that Defendants Holland and Groves had not yet made an appearance before the closing of the discovery deadline.

Defendants Holland and Groves appeared in this action on May 7, 2021 (Doc. 79) following the filing of Plaintiff's First Amended Complaint on November 4, 2020 (Doc. 49). At that time, the discovery cut-off deadline was February 12, 2021. (*See* Doc. 54 [Order Granting Plaintiff's Motion for Clarification issued 12/15/20].) Therefore, the deadline for the completion

of all discovery had expired approximately three months prior to Defendants Holland and Groves' appearance.[4]

Defendants correctly note that Plaintiff did not timely seek any modification of the deadline for completing discovery—despite filing numerous other requests to otherwise modify the discovery and scheduling order deadlines. Given Plaintiff's *pro se* status, however, the Court will afford Plaintiff an opportunity to engage in limited discovery with Defendants Holland and Groves.

While discovery in this matter has been ongoing for a period of more than two years, and Defendants have expended significant resources, including defending against Plaintiff's numerous discovery motions and motions for reconsideration, there is no prejudice to Defendants where Plaintiff has not yet been afforded an opportunity to engage in discovery with newly added Defendants Holland and Groves. Nor would Defendants be prejudiced by an extension of the pre-trial dispositive motion filing deadline that would operate to afford Defendants an opportunity to file further motions and/or supplement now pending motions where appropriate.

**CONCLUSION AND ORDER**

For the foregoing reasons, IT IS ORDERED that:

1. Plaintiff's motion to modify the discovery and scheduling order to extend the deadline for filing pre-trial dispositive motions (Doc. 95) is GRANTED;
2. Plaintiff shall be afforded an opportunity to engage in discovery with Defendants Holland and Groves *only*;
3. The deadline for the completion of discovery as to Defendants Holland and Groves is set for **August 18, 2022**;
4. The deadline for filing pre-trial dispositive motions is set for **October 17, 2022**; and
5. Briefing on Defendants' pending motions for summary judgment is **STAYED until August 18, 2022**. No later than **21 days after August 18, 2022**, Plaintiff shall file an opposition or statement of non-opposition to Defendants' currently pending motions for summary judgment (Docs. 88 & 89). Defendants shall serve and file any reply

---

[4] 2/12/2021 + 84 days = 5/7/2021.

8

within 14 days of the opposition being filed. (*See* Local Rule 230(l).)

IT IS SO ORDERED.

Dated:   **May 23, 2022**                          /s/ *Sheila K. Oberto*
                                                   UNITED STATES MAGISTRATE JUDGE