UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JARED M. VILLERY,<br><br>             Plaintiff,<br><br>    v.<br><br>D. CROUNSE, et al.,<br><br>             Defendants. | Case No. 1:18-cv-01623-JLT-SKO (PC)<br><br>**FINDINGS AND RECOMMENDATIONS TO DISMISS THIS ACTION FOR PLAINTIFF'S FAILURE TO OBEY COURT ORDERS AND FAILURE TO PROSECUTE**<br><br>**14-DAY DEADLINE** |

Plaintiff Jared M. Villery is proceeding *pro se* and *in forma pauperis* in this civil rights action brought pursuant to 42 U.S.C. § 1983.

### I.    RELEVANT PROCEDURAL BACKGROUND

On August 16, 2021, Defendant Crounse filed a motion for summary judgment. (Doc. 88.) On that same date, Defendants Garcia, Groves, Guerrero, Haak and Holland also filed a motion for summary judgment. (Doc. 89; *see also* Doc. 91 [amended memorandum] & Doc. 98 [notice of errata].)

On August 19, 2021, this Court issued its Order Staying Briefing on Defendants' Motions for Summary Judgment. (Doc. 94.) Because Plaintiff's motion to compel was pending before the Court, summary judgment briefing was stayed, and Plaintiff was advised he "need not file an opposition or statement of non-opposition to either motion until the stay is lifted by the Court." (*Id*. at 1-2.)

Following the Court's order denying Plaintiff's motion to compel and related proceedings concerning Plaintiff's request for reconsideration, on November 1, 2022, the Court issued its Order Lifting Stay on Summary Judgment Briefing and Order Setting 21-Day Deadline for the Filing of Plaintiff's Opposition. (Doc. 131.) Plaintiff was ordered to "file his separate opposition or statement of non-opposition to the motion for summary judgment filed by Defendant Crounse, and to the motion for summary judgment filed by Defendants Garcia, Groves, Guerrero, Haak and Holland, **no later than 21 days** following the date of service of this order." (*Id*. at 3, emphasis in original.)

When more than 21 days passed without Plaintiff filing an opposition or statement of non-opposition to the two pending motions for summary judgment, the Court issued its Order to Show Cause (OSC) in Writing Why Action Should Not Be Dismissed for Failure to Obey Court Order. (Doc. 132.) Plaintiff was afforded 21 days within which to show cause in writing why the action should not be dismissed for his failure to comply with a court order, or, alternatively, to "file his opposition or statement of non-opposition to Defendant Crounse's motion for summary judgment and his opposition or statement of non-opposition to the motion for summary judgment filed by Defendants Garcia, Groves, Guerrero, Haak and Holland." (*Id*. at 2.)

Although more 21 days have now passed, Plaintiff has failed to respond in writing to the OSC and has not filed an opposition or statement of non-opposition to either pending motion for summary judgment.

**II.   DISCUSSION**

The Local Rules, corresponding with Federal Rule of Civil Procedure 11, provide, "[f]ailure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." Local Rule 110. "District courts have inherent power to control their dockets" and, in exercising that power, may impose sanctions, including dismissal of an action. *Thompson v. Housing Auth., City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to prosecute an action, obey a court order, or comply with local rules. *See, e.g., Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with a

court order to amend a complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130-31 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

In determining whether to dismiss an action, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988).

Here, Plaintiff has neither shown cause for his failure to file an opposition or statement of non-opposition to the pending motions for summary judgment, nor has he filed any opposition or statement of non-opposition to the pending motions for summary judgment. The Court cannot effectively manage its docket if Plaintiff ceases litigating his case. Thus, the Court finds that both the first and second factors—the public's interest in expeditious resolution of litigation and the Court's need to manage its docket—weigh in favor of dismissal. *Carey*, 856 F.2d at 1440.

The third factor also weighs in favor of dismissal. Following service of Plaintiff's original complaint, Defendants Crounse, Guerrero and Haak filed an answer on September 3, 2019. (Doc. 22.)  Defendant Garcia filed an answer to the original complaint on November 26, 2019. (Doc. 31.) Following the filing of Plaintiff's first amended complaint (Doc. 49), Defendants Garcia, Groves, Guerrero, Haak and Holland filed an answer on May 7, 2021. (Doc. 79.) Defendant Crounse filed an answer on May 10, 2021. (Doc. 80.) All discovery closed on September 19, 2022 (*see* Doc. 130), and the motions for summary judgment have been pending before the Court for more than 16 months. The Court has previously stayed summary judgment briefing to ensure fairness to all parties. The stay on briefing was lifted more than two months ago, on November 1, 2022. (*See* Doc. 131.)

A presumption of harm or injury arises from the occurrence of unreasonable delay in prosecuting an action. *See Anderson v. Air W.*, 542 F.2d 522, 524 (9th Cir. 1976). Here, despite having been afforded the opportunity to engage in discovery with all Defendants prior to being required to file an opposition or statement of non-opposition to each of the pending motions for

summary judgment, Plaintiff has taken no action at all. Therefore, the Court finds the third factor—the risk of prejudice to defendants—also weighs in favor of dismissal. *Carey*, 856 F.2d at 1440.

The fourth factor usually weighs against dismissal because public policy favors disposition on the merits. *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002). However, "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction." *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1228 (9th Cir. 2006) (citation omitted). Here, Plaintiff is not moving the case forward, and has ceased obeying court orders and prosecuting this action. The fourth factor—the public policy favoring disposition of cases on their merits—also weighs in favor of dismissal. *Carey*, 856 F.2d at 1440.

Finally, the Court's warning to a party that failure to obey the court's order will result in dismissal satisfies the "considerations of the alternatives" requirement. *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132-33; *Henderson*, 779 F.2d at 1424. Here, the Court's November 30, 2022 OSC expressly warned Plaintiff that his failure to comply with the Court's order would result in a recommendation for dismissal of this action. (*See* Doc. 132 at 2 ["**Failure to comply with this order will result in a recommendation that this action be dismissed for failure to obey courts orders**"].) Plaintiff had adequate warning that dismissal could result from his noncompliance. Thus, the fifth factor— the availability of less drastic sanctions—also weighs in favor of dismissal. *Carey*, 856 F.2d at 1440.

It appears that Plaintiff has abandoned this action. Whether Plaintiff has done so intentionally or mistakenly is inconsequential. It is Plaintiff's responsibility to comply with the Court's orders and to prosecute this action. The Court declines to expend its limited resources on a case that Plaintiff has chosen to ignore.

### III.   CONCLUSION AND RECOMMENDATIONS

For the reasons stated above, this Court RECOMMENDS that this action be DISMISSED without prejudice for Plaintiff's failure to obey court orders and failure to prosecute.

//

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to 28 U.S.C. § 636(b)(l). **Within 14 days** of the date of service of these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff's failure to file objections within the specified time may result in waiver of his rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **January 5, 2023**                    /s/ *Sheila K. Oberto*
                                                                  UNITED STATES MAGISTRATE JUDGE