1
2
3
4
5
6
7
8                    **UNITED STATES DISTRICT COURT**

9                    **EASTERN DISTRICT OF CALIFORNIA**

10

11    JARED M. VILLERY,                     )   Case No.: 1:18-cv-1623 JLT SKO (PC)
                                            )
12                    Plaintiff,            )   ORDER DENYING PLAINTIFF'S MOTION
                                            )   FOR RELIEF FROM JUDGMENT
13          v.                              )
                                            )   (Doc.  138)
14    D. CROUNSE, et al.,                   )
                                            )
15                    Defendants.           )
      _____ )

16

17          Jared Villery asserts he suffered violations of his civil rights arising under the First Amendment

18   while incarcerated at the California Correctional Institution.  He seeks to hold the defendants pursuant

19   to 42 U.S.C. § 1983.  The action was dismissed without prejudice for Plaintiff's failure to obey Court

20   orders and failure to prosecute, and judgment was entered, on January 25, 2023.  (Docs. 134, 135.)

21   Plaintiff now seeks relief from judgement pursuant to Rule 60(b) of the Federal Rules of Civil

22   Procedure.  (Doc. 138.)  For the reasons set forth below, the motion is **DENIED**.

23   **I.       Relevant Procedural History**

24          Plaintiff initiated this action by filing a complaint on November 27, 2018 (Doc. 1), which he

25   amended November 4, 2020 (Doc. 49).  Defendant Crounse filed a motion for summary judgment on

26   August 16, 2021.  (Doc. 88.)  The same date, Defendants Garcia, Groves, Guerrero, Haak and Holland

27   also filed a motion for summary judgment. (Doc. 89; *see also* Doc. 91 [amended memorandum] &

28   Doc. 98 [notice of errata].)

On August 19, 2021, the Court stayed briefing on the motions for summary judgment. (Doc. 94.) The Court observed that prior to the defendants filing their motions, Plaintiff filed a motion to compel the production of documents from Crounse that remained pending. (*Id.* at 1, citing Doc. 58.) The Court informed Plaintiff that he "need not file an opposition or statement of non-opposition to either motion until the stay is lifted by the Court. (*Id.* at 2.)

On November 1, 2022, the Court lifted the stay and set deadline for Plaintiff to oppose the motions for summary judgment. (Doc. 131.) Plaintiff was ordered to "file his separate opposition or statement of non-opposition to the motion for summary judgment filed by Defendant Crounse, and to the motion for summary judgment filed by Defendants Garcia, Groves, Guerrero, Haak and Holland, no later than 21 days following the date of service of this order." (*Id.* at 3, emphasis omitted.) However, Plaintiff did not file an opposition, statement of non-opposition, or otherwise respond to the order.

On November 30, 2022, the Court issued an order to Plaintiff to show cause why the action should not be dismissed for his failure to obey the Court's order. (Doc. 132.) Plaintiff was granted 21 days to respond to the Court, explaining why the action should not be dismissed for his failure to comply the Court's order. (*Id.* at 2.) Plaintiff was informed that in the alternative, he "may file his opposition or statement of non-opposition to Defendant Crounse's motion for summary judgment and his opposition or statement of non-opposition to the motion for summary judgment filed by Defendants Garcia, Groves, Guerrero, Haak and Holland." (*Id.*) Plaintiff did not respond to the order to show cause or communicate with the Court in any manner.

On January 5, 2023, the magistrate judge recommended dismissal of the action, for Plaintiff's failure to obey court orders and failure to prosecute. (Doc. 133.) Plaintiff was granted 14 days to file any objections to the magistrate judge's Findings and Recommendations. (*Id.* at 5.) Plaintiff was also informed the "[f]ailure to file objections within the specified time may result in waiver of rights on appeal." (*Id.* at 5, citing *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014); *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991).) No objections were filed. On January 25, 2023, the action was dismissed without prejudice, and the Court entered judgment. (Docs. 134, 135.)

Plaintiff filed the motion now pending before the Court, seeking relief from judgment under Rule 60, on May 11, 2023. (Doc. 138.) Defendants Garcia, Groves, Guerrero, Hack and Holland filed

their opposition on May 31, 2023, which Defendant Crounse joined on June 1, 2023. (Docs. 139, 140.) Plaintiff did not reply to the opposition.

## II.     Legal Standard

Pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding." *Id.* Rule 60(b) indicates such relief may be granted "for the following reasons:"

> (1) mistake, inadvertence, surprise, or excusable neglect;

> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

> (3) fraud (whether previously called intrinsic or extrinsic) misrepresentation, or misconduct by an opposing party;

> (4) the judgment is void;

> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

Reconsideration of a prior order is an extraordinary remedy "to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F. 3d 877, 890 (9th Cir. 2000) (citation omitted); *see also Harvest v. Castro*, 531 F.3d 737, 749 (9th Cir. 2008) (addressing reconsideration under Rule 60(b)).  In seeking reconsideration under Rule 60, the moving party "must demonstrate both injury and circumstances beyond his control." *Harvest*, 531 F.3d at 749 (internal quotation marks, citation omitted).

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," and it "may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks, citations omitted) (emphasis in original).  Further, Local Rule 230(j) requires a movant to show "what new or different facts or circumstances are claimed to exist which did

not exist or were not shown upon such prior motion, or what other grounds exist for the motion;" and "why the facts or circumstances were not shown" at the time the substance of the order which is objected to was considered.

## III.    Discussion

### A.    Parties' Positions

Plaintiff argues "extraordinary circumstances beyond [his] control" warrant the relief he seeks. (Doc. 138 at 4.)  He contends negligence by prison mailroom staff caused him to "never receive several orders issued by this Court."  (*Id.*)  Plaintiff asserts he "qualifies for relief from this Court's judgment under FRCP 60(b), as an equitable remedy to prevent manifest injustice."  (*Id.*)  Plaintiff asks the Court to: (1) reopen the action, (2) vacate the judgment, (3) direct the Clerk of the Court to file a motion to compel discovery from Holland and Groves, and (4) reimpose the stay on briefing concerning the summary judgment motions. (Doc. 138 at 4.)

Plaintiff contends he turned over a motion to compel to prison officials on September 19, 2022. (Doc. 138 at 7.)  Thereafter, Plaintiff asserts did not receive any orders from the Court, or filings from Defendants, until his receipt of the judgment entered against him.  (*Id.*)  He states two months prior, a similar situation arose in another matter filed with this Court— *Villery v. Jones*, No. 1:15-cv-01360-ADA-HBK— when Plaintiff's pleading was not received by the Court and he investigated the missing outgoing legal mail.  (*Id.* at 7-8.)  He asserts that as a result, he learned on March 16, 2023, incoming and outgoing legal mail related to this action was not processed by the mailroom. (*Id.* at 9.) Plaintiff believes the mail was lost due to the negligence of the prison mailroom staff.  (*Id.*)  He contends his belief is based upon an "earlier pattern of similar, chronic problems" experienced during his incarceration at the California Institution for Men.  (*Id.* at 9-10.)

Plaintiff asserts he has demonstrated injury and circumstances beyond his control.  (Doc. 138 at 11.)  He contends he did everything within his power to comply with the Court's order of August 29, 2022, concerning his motion to compel, and because his motion never reached the Court, the Court found he failed to prosecute this action.  (*Id.* at 11-12.)  Plaintiff argues the judgment entered "on grounds other than the merits magnifies" his injury and denies him his right to access to the courts. (*Id.* at 12.) He maintains the "unique nature of the hurdles faced by a prisoner" relying on institutional mail

1   warrants relief. (*Id*. at 12-13.)

2       Next, Plaintiff argues his instant request was made within a reasonable time.  (Doc. 138 at 13-

3   15.)  He maintains the relief he seeks will not prejudice Defendants, stating their motions for summary

4   judgment do not "rely on the testimony of any witnesses other than themselves," and a potential

5   increase in costs to Defendants if relief is granted, would not be significant.  (*Id*. at 15-16.)  Plaintiff

6   further maintains a denial of the instant motion will result in an increase of costs to Defendants

7   because he would appeal any denial. (*Id*. at 16.)  Costs will be further increased in the event of a denial

8   because Plaintiff would initiate a new action alleging a First Amendment access to courts claim based

9   upon the mailroom staff's actions. (*Id*. at 16-17.)

10       Defendants argue Plaintiff fails to establish any mistake, inadvertence, surprise or excusable

11   neglect.  (Doc. 139 at 5.)  Defendants state they would suffer prejudice if the judgment is set aside,

12   particularly because the parties litigated discovery for more than two years and the motions for

13   summary judgment were pending for a considerably lengthy period.  (*Id*.)  They contend Plaintiff's

14   delay substantially affected the proceedings, that Plaintiff made no effort to oppose the motions for

15   summary judgment, and did not file the instant motion "until more than three months after entry of

16   judgment, five months after the deadline for his summary judgment response, seven months after the

17   deadline for filing a motion to compel additional discovery, and eight months after receiving ample

18   discovery responses from Defendants Holland and Groves."  (*Id*. at 6.)  Defendants maintain Plaintiff's

19   excuse of negligence by prison officials concerning his legal mail and ability to litigate is not

20   supported.  (*Id*. at 6-7.)  Particularly, Defendants point to a lack of evidence to support Plaintiff's claim

21   concerning his outgoing legal mail in September 2022, as well as his claims that he did not receive

22   incoming legal mail between November 2022 and January 2023.  (*Id*. at 7.)

23       Defendants further argue Plaintiff's motion is brought in bad faith.  (Doc. 139 at 7.) Asserting

24   there is no evidence to support the claim of negligence by prison mailroom staff, Defendants also assert

25   the claim is belied by Plaintiff filing documents in another matter before this Court—*Villery v. Sanders*,

26   No. 1:18-cv-01067-ADA-HBK—during the relevant period. (*Id*. at 7-8.)  Defendants contend Plaintiff

27   fails to establish excusable neglect, inadvertence, mistake or surprise.  (*Id*. at 8.)  Finally, Defendants

28   contend Plaintiff fails to establish an extraordinary circumstance justifying relief.  (*Id*. at 8-9.)

In support of their opposition, Defendants submitted evidence including the "Confidential Legal Mail/Log" and corresponding signature sheets for Plaintiff's mail from June 2022 through March 2023. (Doc. 139-1, Exh. B.)  The mailroom supervisor, A. Vicario, explains that the "Confidential Legal Mail/Log" from the California Institute for Men includes: "the receiving inmate's CDCR number and last name; the identity, city, state, and zip code of the sender; the receiving inmate's housing unit; and the date of processing of the incoming mail by the mailroom."  (Doc. 139-1 at 2, Vicario Decl. ¶ 4.)  In addition, Defendants submitted Plaintiff's legal mail signature sheets, which include "the signature of the designated staff member delivering the mail to the receiving inmate[] and the signature of the receiving inmate," as well as the "the receiving inmate's CDCR number and last name; the identity, city, state, and zip code of the sender."  (*Id.*, ¶ 5.) Plaintiff did not challenge the validity or accuracy of these records, or file a brief in reply.

## B.    Analysis

Based upon the arguments presented, it appears Plaintiff seeks relief under Rule 60(b)(1) for excusable neglect.[1]  Whether a party's neglect is "excusable" under Rule 60(b)(1) is an equitable determination that "tak[es] account of all relevant circumstances surrounding the party's omission." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993).  These circumstances include: "the danger of prejudice to the [opposing party], the length of delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith."  *Id.*  These factors, as discussed below, weigh against granting the relief requested.  Further, Plaintiff fails to establish an extraordinary circumstance warranting relief under Rule 60(b)(6).

---

[1] As noted above, Rule 60(b)(1) authorizes courts to relieve parties from a final judgment or order for "mistake, inadvertence, surprise, or excusable neglect...".  Fed R. Civ. P. 60(b)(1).  With respect to "mistake," a party "may seek relief from an excusable mistake on the part of a party or counsel, or if the district court has made a substantive error of law or fact in its judgment or order."  *Bretana v. Int'l Collection Corp.*, 2010 WL 1221925, at *1 (N.D. Cal. 2010) (citing *Utah ex. Rel. Div. of Forestry v. United States*, 528 F.3d 712, 722-23 (10th Cir. 2008)).  In general, "an inadvertent mistake involves a misunderstanding of the surrounding facts and circumstances." *Melo v. Zumper, Inc.*, 2020 WL 1891796, at *3 (N.D. Cal. Apr. 16, 2020) (citing *Eskridge v. Cook Cty.*, 577 F.3d 806, 809 (7th Cir. 2009)).  Plaintiff does not argue he made a mistake or that the Court made a substantive error of law or the facts in its order.  Similarly, Plaintiff does not identify any misunderstanding of the facts in this action.  Finally, there is no suggestion that a "surprise" occurred.  Rather, Plaintiff argues that his inattentiveness to this action and failure to comply with the deadlines ordered by the Court should be excused.  Accordingly, the Court applies the standards applicable to "excusable neglect."

Plaintiff attempts to lay fault at the door of the mailroom staff, yet the records show Plaintiff received—and signed for—numerous pieces of mail from this Court *after* Plaintiff's purported submission of his unfiled motion to compel.  For example, this Court issued and served the order lifting the stay and setting a deadline for Plaintiff to the pending motions for summary judgment on November 1, 2022.  (*See* Doc. 131.)  The incoming mail log indicates Plaintiff's received legal mail from the Eastern District Court on November 3, November 7, and November 9, 2022. (Doc. 139-1 at 9-10 [log], 37-39 [corresponding signature sheets].)  Though the mail log does not indicate the case number, a review of the Court's dockets in actions filed by Villery—including this case and the dockets in the *Villery v. Jones* (Case No. 1:15-cv-01360-ADA-HBK) and *Villery v. Sanders* Case No. 1:15-cv-01360-ADA-HBK)—clearly indicates the documents Plaintiff received included this Court's November 1, 2022 order and orders issued in *Villery v. Sanders* on October 23 and October 25, 2022.[2,3]  Thus, the Court finds Plaintiff was aware the stay was lifted and a deadline was ordered for his opposition to the pending motions for summary judgment.  Notably, that Order also states: "Plaintiff was to file any motion to compel concerning the limited discovery permitted with Defendants Holland and Groves no later than September 19, 2022.  Plaintiff did not file any discovery motion, and the time for doing so has now passed." (Doc. 131 at 2-3.)  Therefore, Plaintiff also received notice that his motion to compel was not filed by November 9, 2022, at the latest, yet Plaintiff failed to take any action.

Moreover, review of the incoming mail and signature logs supports a finding that Plaintiff received this Court's OSC issued and served November 30, 2022.  Specifically, the incoming mail log reflects Plaintiff received legal mail from this Court on December 7, 8 and 12, 2022.  (*See* Doc. 139-1 at 10,  41-42.)  The docket in *Jones* shows the Court issued an Order Adopting Findings and

---

[2] The Court may take notice of facts that are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b); *United States v. Bernal-Obeso*, 989 F.2d 331, 333 (9th Cir. 1993). The record of a court proceeding is a source whose accuracy cannot reasonably be questioned, and judicial notice may be taken of court records. *Mullis v. United States Bank. Ct.*, 828 F.2d 1385, 1388 n.9 (9th Cir. 1987); *Valerio v. Boise Cascade Corp.*, 80 F.R.D. 626, 635 n.1 (N.D. Cal. 1978), *aff'd* 645 F.2d 699 (9th Cir. 1981); *see also Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989); *Rodic v. Thistledown Racing Club, Inc.*, 615 F.2d 736, 738 (6th Cir. 1980). Accordingly, the Court takes judicial notice of the dockets—including the Court orders and dates of service—in *Villery v. Jones* (Case No. 1:15-cv-01360-ADA-HBK) and *Villery v. Sanders* Case No. 1:15-cv-01360-ADA-HBK).

[3] The court did not issue any orders between October 14 and December 2, 2022 in *Villery v. Jones*.  (*See* Docket, Case No. 1:18-cv-01067-ADA-HBK).  Thus, the mail received must have been from this action and *Sanders*.

Recommendations on December 2, 2022.  (*See* Docket, Case No. 1:18-cv-1067-ADA-HBK.)  The docket in *Sanders* shows a clerk's notice of a docket correction was served on Plaintiff on November 22, 2022, but no other order or notice was issued until February 2023.  (*See* Docket, Case No. 1:15-cv-01360-ADA-HBK.)  Therefore, the Court finds it probable Plaintiff received this Court's OSC, detailing Plaintiff's failure to comply with the ordered deadline to respond to the motions for summary judgment.

Further, review of the incoming mail log and signature sheets also supports a finding that Plaintiff received the Findings and Recommendations issued and served January 5, 2023, because he received legal mail from this Court on January 10, 2023. (*See* Doc. 139-1 at 10, 43.)  No orders issued in January 2023 in either the *Sanders* or *Jones* matters. (*See* Case Nos. 1:15-cv-01360-ADA-HBK and 1:15-cv-01360-ADA-HBK.)  Despite receiving and signing for this, Plaintiff failed to take any action to prosecute his claim or object to the recommendation for dismissal.  The evidence before the Court does not establish negligence on the part of prison officials, nor a highly unusual circumstance warranting relief from judgment here.  *See Marlyn Nutraceuticals, Inc.*, 571 F.3d at 880. Plaintiff fails to show his failure to prosecute the matter—including by timely filing a motion to compel, oppose the motions for summary judgment, and respond to the Findings and Recommendations—were not within his control.

Defendants would suffer prejudice if the relief requested were to be granted, as they would be forced to resume litigation of the action, which has now been closed more than five months.  Plaintiff's delay in seeking relief and the prejudice to Defendants weigh against granting the request under Rule 60(b).  Similarly, the Court finds the final factor of bad faith supports a denial of the motion, as Plaintiff appears to have abandoned the action and only filed for relief from judgment after Defendants served their request for bill of costs upon Plaintiff.  (*See* Docs. 136, 136-1.)  Thus, the Court finds the factors set forth by *Pioneer* weigh against granting relief under Rule 60(b).  Moreover, the interests of finality and the conservation of judicial resources do not warrant the sparing use of the extraordinary remedy Plaintiff seeks. *Kona Enters., Inc.*, 229 F. 3d at 890.

///

///

### IV.     Conclusion and Order

For the reasons discussed above, Plaintiff's motion for relief pursuant to Rule 60 of the Federal Rules of Civil Procedure is **DENIED**. This action remains closed, and no further motions will be entertained.

IT IS SO ORDERED.

Dated:   **June 29, 2023**                                    _____

UNITED STATES DISTRICT JUDGE

9